■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TIEDEMANN, Appellant. — Appeal by defendant from a judgment of the County Court, Orange County (Colabella, J.), rendered November 3, 1983, convicting him of coercion in the second degree, after a nonjury trial, and imposing sentence.

Judgment reversed, on the law, and indictment dismissed. This matter is remitted to the County Court, Orange County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Defendant was charged with one count of first degree rape by forcible compulsion. After a bench trial, the court acquitted defendant of the rape charge but found him guilty of coercion in the second degree as a lesser included offense of the indictment count. Defendant had previously objected to the court's consideration of the latter crime (*cf. People v Ford*, 62 NY2d 275). At sentencing, defense counsel moved to set aside the verdict on the ground that second degree coercion is not a lesser included offense of first degree rape, which motion was denied. We find that coercion in the second degree is not a lesser included offense of rape in the first degree and, accordingly, we must reverse defendant's conviction.

An offense of lesser grade or degree is a "lesser included offense" only where examination of the statutes defining the crimes reveals that it is theoretically impossible to commit the greater offense without concomitantly committing the lesser offense, irrespective of the evidence adduced in the particular prosecution (CPL 1.20 [37]; *People v Glover*, 57 NY2d 61).

A male is guilty of rape in the first degree when he engages in sexual intercourse with a female by means of forcible compulsion (Penal Law § 130.35 [1]). Until its recent amendment (L 1983, ch 449), Penal Law § 130.00 (8) defined forcible compul-

sion as "physical force which is capable of overcoming earnest resistance; or a threat, express or implied, that places a person in fear of immediate death or serious physical injury". To establish rape in the first degree by physical force that overcomes earnest resistance, it is not necessary to prove the victim's fear of injury as is required for a conviction of coercion in the second degree (Penal Law § 135.60 [1]; *People v Greer*, 42 NY2d 170, 174-175). Therefore, it is theoretically possible to commit rape in the first degree without concomitantly, by the same conduct, committing coercion in the second degree and the latter crime may not be considered by the trier of fact as a lesser included offense of the former, regardless of the factual circumstances at bar (*see, People v Glover, supra*). To the extent that *People v Greer* (*supra*) holds to the contrary, it has been overruled by *People v Glover* (*supra*).

Accordingly, defendant's conviction must be reversed and, since defendant was acquitted of the rape charge, the indictment must be dismissed.

We have reviewed defendant's remaining contentions and find them to be without merit. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.