■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BURTS, Appellant.—Judgment unanimously affirmed. Memorandum: The evidence supports the court's finding, following the remittal hearing (see, People v Burts, 156 AD2d 1010), that Paula Toms' in-court identification of defendant was based upon a source independent of any taint from a suggestive photo array. At the time of the crime Ms. Toms viewed defendant for several minutes, face to face, from a short distance. It was a sunny day and nothing obstructed her view. Since Toms' testimony was sufficient to support defendant's convictions we need not decide whether the identification testimony at trial of Mr. Young, who was deceased at the time of the hearing, was admissible on the remittal hearing (see, CPL 670.10; cf., People v James, 67 NY2d 662, 664). (Appeal from judgment of Erie County Court, Dillon, J.—robbery, first degree.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD CORLEY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of coercion in the second degree, as a lesser included offense of rape in the first degree.

The People concede that coercion in the second degree is not a lesser included offense of rape in the first degree (see, People v Greer, 42 NY2d 170; People v Tiedemann, 111 AD2d 280), but note that defendant requested that the court consider coercion as a lesser included offense. By asking for the court's consideration of coercion as a lesser included offense, defendant waived the error and failed to preserve it for our review (see, People v Williams, 95 AD2d 726, affd 62 NY2d 275, 283).

The sole issue raised on appeal is whether the court's verdict is contrary to the weight of the evidence. Upon our independent review of the record, we conclude that the guilty verdict of coercion in the second degree was not contrary to the weight of the evidence (see, People v Bleakley, 69 NY2d 490). Although the court, as factfinder, rejected the complainant's testimony concerning sexual intercourse, the record supports the court's acceptance of her testimony concerning defendant's restraint and physical attack. Because it appears that the trier of fact gave the evidence the weight it should be accorded, we affirm (see, People v Bleakley, supra, at 495). (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—coercion, second degree.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.