■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL C. THURSTON, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his convictions of rape in the first degree and burglary in the third degree, defendant argues that he was denied a fair trial because the prosecutor was unable to produce a jailhouse informant to whom the prosecutor had referred in his opening statement. When it came to the prosecutor's attention during trial that this witness had been acting as a police agent when he extracted admissions from defendant, the prosecutor immediately informed the court and conceded that the testimony of this witness should be suppressed. Finding no bad faith on the part of the prosecutor, the court denied defendant's request for a missing witness charge but allowed defense counsel to comment on summation about the People's failure to produce this witness.

Defendant did not move for a mistrial so he failed to preserve this issue for review as a matter of law (see, People v Broadus, 129 AD2d 997), and we decline to reverse the conviction in the interest of justice. The general rule when the prosecutor is unable to produce all the evidence promised in his opening statement is that, "absent bad faith or undue prejudice, a trial will not be undone" (People v De Tore, 34 NY2d 199, 207, cert denied sub nom. Wedra v New York, 419 US 1025). Here, the trial court found no evidence of bad faith on the part of the People and, in light of the overwhelming proof of defendant's guilt, we conclude that defendant did not suffer undue prejudice.

We reject defendant's contention that the trial court violated CPL 300.10 (4) when it charged coercion in the second degree as a lesser included offense of rape in the first degree. Defense counsel was apprised of the court's intention to so charge prior to summation, and the court registered counsel's objection to the charge. Although coercion in the second degree is not a lesser included offense of rape in the first degree (see, People v Corley, 162 AD2d 1020), that error was

harmless because defendant was convicted of rape in the first degree.

Although several of the comments made by the prosecutor on summation were improper, most were unobjected to and we conclude that defendant was not deprived of a fair trial *(see, People v Morgan,* 66 NY2d 255, 259). We have examined the remaining issues raised by defendant and find them lacking in merit. (Appeal from judgment of Cayuga County Court, Contiguglia, J.—rape, first degree.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.