THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BURNS, Appellant. [757 NYS2d 199] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered November 30, 2001, convicting defendant after a jury trial of criminal contempt in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the indictment is dismissed and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal contempt in the second

degree (Penal Law § 215.50 [3]). Defendant was acquitted of criminal contempt in the first degree (§ 215.51 [b] [iv]) and two counts of aggravated harassment in the second degree (§ 240.30 [1], [2]). Defendant contends that reversal is required because the jury may have found him guilty under the fourth count of the indictment based on an act for which he was not indicted under that count. The People concede that defendant is correct but contend that the issue is not preserved for our review. Although we agree with the People that the issue is not preserved for our review (*see* CPL 470.05 [2]), we nevertheless address it because "defendant's right to be tried and convicted of only those crimes charged in the indictment is fundamental" (*People v McNab*, 167 AD2d 858, 858 [1990]; *see People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]; *see also People v Shaughnessy*, 286 AD2d 856, 857 [2001], *lv denied* 97 NY2d 688 [2001]; *People v Ball*, 231 AD2d 853, 853-854 [1996], *lv denied* 89 NY2d 1032 [1997]). The third count of the indictment, as limited by the People's bill of particulars, charged defendant with aggravated harassment in the second degree (Penal Law § 240.30 [1]) for contacting his former girlfriend by letter on April 26, 2001, with the intent to harass, annoy, threaten, or alarm her. The fourth count of the indictment, as limited by the People's bill of particulars, charged defendant with criminal contempt in the second degree (§ 215.50 [3]) for contacting the same person by telephone on April 26, 2001, thus violating a "no contact" order of protection issued on January 16, 2001. County Court properly charged the jury that it had to find defendant guilty of count three if it found that defendant had communicated with his ex-girlfriend by mail with the intent to harass, annoy, threaten, or alarm her. The court erred, however, in charging the jury that it had to find defendant guilty of count four if it found that an order of protection had been issued and that defendant had engaged in "intentional disobedience or resistance to it," thus failing to limit that count, as per the People's bill of particulars, to the alleged communication by telephone. The error is further compounded by the fact that the prosecutor on summation characterized both the letter and the telephone call of April 26 as violations of the order of protection despite the fact that the indictment, as limited by the People's bill of particulars, charged only the telephone call as a violation. Thus, "[i]t is impossible to ascertain * * * whether different jurors convicted defendant based on different acts" under count four, in view of the testimony of defendant's ex-girlfriend with respect to more than one violation of the order of protection on April 26 (*McNab*, 167 AD2d at 858). Because defendant was indicted for only one violation of the

order of protection on that date, based on a telephone call, and the jury may have convicted him of a violation based on the letter, "defendant's right to have charges preferred by the Grand Jury rather than the prosecutor at trial was violated" (*People v George,* 255 AD2d 881, 881 [1998]). We therefore reverse defendant's judgment of conviction, dismiss the indictment and remit the matter to Monroe County Court for proceedings pursuant to CPL 470.45. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.