Appeal from a judgment of Steuben County Court (Bradstreet, J.), entered August 20, 2001, convicting defendant after a jury trial of, inter alia, rape in the first degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of rape in the first degree and vacating the sentence imposed thereon and as modified the judgment is affirmed, and a new trial is granted on count one of the indictment.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]) and criminal trespass in the second degree *980 (§ 140.15). The primary contention of defendant on appeal is that County Court erred in allowing the People to present evidence beyond the scope of the indictment and bill of particulars with respect to the charge of rape, thus changing the theory of the prosecution. We agree, and conclude that reversal of the rape conviction is mandated on that ground.
The first count of the indictment charged defendant with rape in the first degree, alleging that he “engag[ed] in sexual intercourse with another person by forcible compulsion.” In his demand for a bill of particulars, defendant sought clarification of “the exact manner in which [he] forcibly compelled the other person to engage in sexual intercourse.” The People responded that “the defendant did physically threaten the victim indicating that he knew people who would come over and ‘take care of the situation’ if she did not comply.” At trial, the People sought to introduce evidence of another threat, i.e., that defendant threatened to hit the victim if she did not cease struggling. Defendant objected on the ground that such proof was outside the scope of the bill of particulars. The court overruled the objection, and the People also thereafter introduced evidence of the use of physical force, i.e., that defendant dragged the victim toward a bedroom, attempted to remove her clothes, and pinned her to the bed. In presenting theories different from those set forth in the indictment and bill of particulars (see generally Matter of Corbin v Hillery, 74 NY2d 279, 290 [1989], affd sub nom. Grady v Corbin, 495 US 508, [1990] overruled on other grounds United States v Dixon, 509 US 688 [1993]), the People violated defendant’s “fundamental and nonwaivable” right to be tried on only those crimes charged in the indictment (People v Rubin, 101 AD2d 71, 77 [1984], lv denied 63 NY2d 711 [1984]), as limited by the bill of particulars (see generally Matter of Corbin, 74 NY2d at 290).
In addition, we agree with defendant that the error was further exacerbated by the court’s charge to the jury. Even assuming, arguendo, that the error in the charge is not preserved for our review based on defendant’s earlier objection to the scope of the proof presented by the People, we would nevertheless conclude that preservation is not required (see Rubin, 101 AD2d at 77; see also People v Patterson, 39 NY2d 288, 294-295 [1976], affd 432 US 197 [1977]). In order to prove that defendant committed the crime of rape in the first degree, the People had to establish that defendant engaged in sexual intercourse by “forcible compulsion” (Penal Law § 130.35 [1]). Forcible compulsion is defined in relevant part as the “use of physical force” or “a threat, express or implied, which places a person in fear of im *981 mediate death or physical injury to . . . herself’ (§ 130.00 [8] [a], [b]). The court charged the jury on the definition of forcible compulsion as both the use of physical force or the threat of immediate harm but, given the limited scope of the indictment and bill of particulars, that was error (see People v Kaminski, 58 NY2d 886, 887 [1983]; cf. People v Wieber, 202 AD2d 789, 791-792 [1994], lv denied 84 NY2d 834 [1994]; see also People v Charles, 61 NY2d 321, 328-329 [1984]; People v Norfleet, 267 AD2d 881, 883-884 [1999], lv denied 95 NY2d 801 [2000]; see generally People v Termotto, 155 AD2d 965 [1989], lv denied 75 NY2d 925 [1990]). We note that, in People v Grega (72 NY2d 489 [1988]), the trial court charged the jury on both physical force and threats despite the fact that the indictment alleged only physical force and the jury was presented with evidence of only physical force. The Court of Appeals held that the error in the trial court’s charge was harmless because “the jury’s guilty verdict could only have been based on the evidence of actual physical force as charged in the indictment” (id. at 496). That is not so here, inasmuch as the victim testified to the use of force, which was not set forth in the indictment or bill of particulars, and to an additional threat not set forth therein. We therefore modify the judgment by reversing that part convicting defendant of rape in the first degree and vacating the sentence imposed thereon, and we grant a new trial on count one of the indictment (see Kaminski, 58 NY2d at 887; cf. Grega, 72 NY2d at 497).
In view of our determination to grant a new trial, we address defendant’s remaining contentions in the interest of judicial economy. Contrary to defendant’s contention, it is well established that coercion in the second degree (Penal Law § 135.60) is not a lesser included offense of rape in the first degree (see People v Thurston, 167 AD2d 964, 964-965 [1990], lv denied 79 NY2d 924 [1992]; People v Corley, 162 AD2d 1020 [1990], lv denied 76 NY2d 892 [1990]; People v Tiedemann, 111 AD2d 280, 280-281 [1985]; see generally People v Glover, 57 NY2d 61, 63 [1982]). Contrary to defendant’s further contention, the court did not abuse its discretion in ruling that the statements of the victim to her ex-brother-in-law soon after the rape constituted excited utterances (see People v Brooks, 71 NY2d 877, 879 [1988]; People v Brown, 70 NY2d 513, 517-522 [1987]; People v Edwards, 47 NY2d 493, 497-498 [1979]; People v Whitlatch, 294 AD2d 909 [2002], lv denied 98 NY2d 703 [2002]). In addition, the testimony of the ex-brother-in-law on the issue whether a rape occurred was admissible as evidence of a prompt complaint of rape (see generally People v Torres, 175 AD2d 635, 636 [1991], lv denied 78 NY2d 1082 [1991]; see also People v McDaniel, 81 *982 NY2d 10, 16-17 [1993]). The further contention of defendant that he was deprived of a fair trial based on the court’s response to a jury question during deliberations is not preserved for our review (see CPL 470.05 [2]; see generally People v Miller, 286 AD2d 981 [2001], lv denied 97 NY2d 657 [2001]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see 470.15 [6] [a]). We have examined defendant’s remaining contentions and conclude that they are lacking in merit. Present—Pine, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.