The People of the State of New York, Respondent, v Daniel N. Dawson, Appellant. [913 NYS2d 592]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 18, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), burglary in the second degree, assault in the second degree and attempted assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]), defendant contends that the prosecutor's summation and County Court's jury charge improperly altered the theory of the prosecution. We address that contention despite defendant's failure to preserve it for our review because "the 'right of an accused to be tried and convicted of only those crimes and upon only those theories

charged in the indictment is fundamental and nonwaivable' " (*People v Burnett*, 306 AD2d 947, 948 [2003], quoting *People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]; *see People v Greaves*, 1 AD3d 979, 980 [2003]). Nevertheless, we reject that contention inasmuch as the record establishes that defendant received the requisite "fair notice of the accusations made against him, so that he [was] able to prepare a defense" (*People v Iannone*, 45 NY2d 589, 594 [1978]; *see People v Grega*, 72 NY2d 489, 495 [1988]). Although the indictment and the bill of particulars referred solely to a "pellet gun," the court's reference in the jury charge to a pellet gun or a BB gun "did not charge 'a substantive crime not appearing in the indictment or amend[ ] the indictment to charge additional criminal acts or crimes' " (*People v Rivera*, 84 NY2d 766, 769 [1995]), nor did the prosecutor's reference thereto on summation change the theory of the prosecution. The testimony of the witnesses referred only to one gun, and they used the terms "pellet gun" and "BB gun" interchangeably.

Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not contrary to the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495), and we conclude that the sentence is not unduly harsh or severe. Finally, we have considered the remaining contentions of defendant, including those raised in his pro se supplemental brief, and conclude that they are without merit. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.