OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are reversed, on the law, and the matter is remitted to the Justice Court for a new trial.
In separate accusatory instruments, the People charged defendant with, among other things, reckless endangerment in the second degree (Penal Law § 120.20), reckless driving (Vehicle and Traffic Law § 1212) and speeding (Vehicle and Traffic Law § 1180 [a]) after he allegedly rear-ended one vehicle, *27 crossed the double yellow line on a two-lane road and collided with another vehicle while traveling at a high rate of speed. At a jury trial, defendant presented expert testimony that his erratic driving was likely caused by a temporal lobe seizure in his brain. Thereafter, defendant asked the Justice Court to charge the jury that, in order to find defendant guilty of the alleged offenses, he must have “acted voluntarily.” The Justice Court refused to issue this charge, and the jury convicted defendant of the aforementioned offenses.
“The minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act” (Penal Law § 15.10). Penal Law § 15.00 (2) defines a “voluntary act” as “a bodily movement performed consciously as a result of effort or determination.” Neither “reflex actions, bodily movements during unconsciousness, hypnosis, [or] epileptic fugue” are subject to criminal liability (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 15.00, at 84 [emphasis added]; see People v Marzulli, 76 Misc 2d 971, 972 [App Term, 2d & lith Jud Dists 1973]). Furthermore,
“[a] court is required to instruct the jury on ‘fundamental legal principles applicable to criminal cases in general’ and those ‘material legal principles applicable to the particular case.’ When evidence at trial viewed in the light most favorable to the accused, sufficiently supports a claimed defense, the court should instruct the jury as to the defense, and must when so requested. A failure by the court to charge the jury constitutes reversible error” (People v Watts, 57 NY2d 299, 301 [1982] [citations omitted]).
In this case, defendant proffered expert testimony that he suffered from temporal lobe seizures and that these seizures could cause defendant to perform complex motor functions without any awareness of his actions both during and after each seizure. This testimony, when viewed in the light most favorable to the accused, along with defendant’s request for the aforementioned jury charge, obligated the Justice Court to charge the jury accordingly. Its failure to do so constituted reversible error (see id.; People v Carlo, 46 AD2d 764 [1974]; cf. People v Perry, 67 AD3d 1046, 1047-1048 [2009]; People v Hager, 124 Misc 2d 123, 129-130 [Nassau County Ct 1984]).
Additionally, the Justice Court improperly allowed the People to, in effect, constructively amend the accusatory instru *28 ment when it permitted them to argue in summation that defendant recklessly decided to drive his car because he should have known that he suffered from epilepsy after his earlier accident. By the accusatory instruments relating to the charges of reckless endangerment in the second degree and reckless driving, the People limited the theory of their case to defendant’s reckless “operation” of his vehicle during the accident.
In summation, however, the People proposed an alternative theory of liability when they asserted that defendant made a reckless “decision” to drive in the first place because he should have known that he suffered from epilepsy after his earlier accident. As the People asserted in their summation, “[e]ven if you believe [defendant] had a seizure, he shouldn’t have been in a car, why, because you heard him testify that on December 1, 2008, he was in another accident in White Plains.” The People’s summation thereby provided the jury with the incorrect impression that they could convict defendant of reckless endangerment and reckless driving based on a theory that was at variance with the facts alleged in the accusatory instruments (see People v Greaves, 1 AD3d 979, 980-981 [2003]). Moreover, the Justice Court further exacerbated this error when it charged the jury with a general reckless conduct standard and failed to issue the curative charge defendant requested (cf. People v Martin, 23 Misc 3d 67, 69-70 [App Term, 9th & 10th Jud Dists 2009], citing People v Gachelin, 237 AD2d 300, 301 [1997]).
Accordingly, the judgments of conviction are reversed and the matter is remitted to the Justice Court for a new trial.
Nicolai, PJ, LaCava and Iannacci, JJ., concur.