# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1291**

**KA 11-01988**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ERIC BLACKSHEAR, DEFENDANT-APPELLANT.

---

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 5, 2011.  The judgment convicted defendant, upon a jury verdict, of murder in the second degree (three counts), robbery in the first degree (two counts), burglary in the first degree (two counts), burglary in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed under count eight of the indictment for criminal possession of a weapon in the second degree shall run concurrently with the sentences imposed under counts five and six for burglary in the first degree, and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him following a jury verdict of three counts of murder in the second degree (Penal Law § 125.25 [1], [3]), two counts of robbery in the first degree (§ 160.15 [2], [4]), two counts of burglary in the first degree (§ 140.30 [1], [4]), burglary in the second degree (§ 140.25 [2]), and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]).  The charges stemmed from an incident in which defendant and two others broke into the residence of the victim, shot the victim, and stole both money and personal items from the residence.  One of the others (codefendant) was tried jointly with defendant; the other (accomplice) testified, pursuant to a plea agreement, for the People at defendant's and codefendant's trial.

Defendant contends that County Court improperly received in evidence items other than cash that the accomplice stole during the incident because the charges in the indictment were limited to cash. That contention is not preserved for our review (*see* CPL 470.05 [2]). In any event, the contention is without merit inasmuch as admission of the other items in evidence did not allow the People to amend the

indictment improperly (*see People v Dawson*, 79 AD3d 1610, 1611, *lv denied* 16 NY3d 894; *see generally People v Grega*, 72 NY2d 489, 497-498).

Defendant contends that the testimony of the accomplice is not supported by sufficient corroborative evidence (*see* CPL 60.22 [1]). We reject that contention. One of the victims testified that the man who held her captive in her bedroom during the incident was wearing the same type of clothing and shoes as the accomplice testified to wearing. Another witness testified that the accomplice displayed to him items stolen during the crime. A third witness testified that the accomplice told her, when he appeared at her house with defendant and codefendant after the incident, that he needed to get rid of phones that were stolen during the crime. The testimony of those witnesses, among others, "tended to connect [defendant] to the crime and harmonized with the narrative provided by the accomplice[] . . . , such that the jury [could have been] reasonably satisfied that the accomplice[] w[as] telling the truth" (*People v Davis*, 114 AD3d 1287, 1287 [internal quotation marks omitted]).

In addition to the evidence described above, a witness testified that defendant came to her apartment shortly after the incident carrying a .44 caliber revolver, the same caliber as the weapon used in the murder, according to the trial testimony of a firearms examiner. Furthermore, the witness heard defendant say that he had shot the victim and "c[ouldn't] believe what [he] did today." The People also presented evidence, which the jury reasonably could have credited, that defendant's DNA was found on a $100 bill that they alleged was stolen from the murder victim. Thus, contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that the court was required to instruct the jury on the People's heightened burden of proof in cases based entirely on circumstantial evidence, inasmuch as defendant did not request that instruction or object to the court's failure to give it (*see People v Recore*, 56 AD3d 1233, 1234, *lv denied* 12 NY3d 761; *People v Ponder*, 19 AD3d 1041, 1042-1043, *lv denied* 5 NY3d 809). In any event, the contention is without merit. The instruction is not warranted where the charges "are supported by both circumstantial and direct evidence" (*People v Stanford*, 87 AD3d 1367, 1369, *lv denied* 18 NY3d 886; *see People v Daddona*, 81 NY2d 990, 992). Here, defendant's guilt was supported by some direct evidence, i.e., eyewitness testimony and admissions made by defendant.

Defendant also failed to preserve for our review his contention that the court improperly failed to discharge a sworn juror as "grossly unqualified" (CPL 270.35 [1]; *see People v Buford*, 69 NY2d 290, 298). In any event, when the court was made aware during the

trial that one of the jurors might have failed to disclose that she
had previously been convicted of a misdemeanor and that she might have
been familiar with the murder victim's family, the court conducted
" 'a probing and tactful inquiry' into the facts of the situation"
(*People v Harris*, 99 NY2d 202, 213, quoting *Buford*, 69 NY2d at 299).
Defense counsel thereafter stated that he was satisfied with the
court's inquiry and did not ask that the juror be disqualified.
Moreover, there is nothing in the record establishing that the court,
which had the opportunity of observing and speaking with the juror
firsthand, did not properly conclude that the juror was qualified to
serve.

Finally, we reject defendant's contention that all the terms of
imprisonment should run concurrently (*see People v Yong Yun Lee*, 92
NY2d 987, 988-989), but we agree with defendant that the court erred
in ordering the term of imprisonment imposed for criminal possession
of a weapon in the second degree to run consecutively with the terms
of imprisonment imposed for burglary in the first degree (*see People v
Hamilton*, 4 NY3d 654, 659; *see generally People v Laureano*, 87 NY2d
640, 643).  We therefore modify the sentence accordingly.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court