# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1396**

**KA 12-01265**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RAYMOND GRAVES, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered June 26, 2012. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (two counts), criminal sexual act in the second degree (19 counts), rape in the second degree (16 counts) and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of two counts of predatory sexual assault against a child, 16 counts of criminal sexual act in the second degree, and two counts of endangering the welfare of a child and vacating the sentence imposed on those counts, and as modified the judgment is affirmed, and a new trial is granted on counts 1, 4, 5, 10 through 13, 17 through 28, and 45 of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of predatory sexual assault against a child (Penal Law § 130.96), 19 counts of criminal sexual act in the second degree (§ 130.45 [1]), 16 counts of rape in the second degree (§ 130.30 [1]) and two counts of endangering the welfare of a child (§ 260.10 [1]). We reject the contention of defendant that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that "there is a valid line of reasoning and permissible inferences to support the jury's finding that defendant committed the crimes of which he was convicted based on the evidence presented at trial" (*People v Spencer*, 119 AD3d 1411, 1413-1414, *lv denied* 24 NY3d 965). Likewise, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not

against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that we must reverse the conviction of predatory sexual assault under counts one and five, criminal sexual act under counts 10 through 13 and 17 through 28, and endangering the welfare of a child under counts four and 45, because County Court's instructions created the possibility that the jury convicted him based on theories different from those set forth in the indictment, as limited by the bill of particulars. We therefore modify the judgment accordingly.

Although defendant did not object to the court's instructions and thus did not preserve his contention for our review, we conclude that "preservation is not required" (*People v Greaves*, 1 AD3d 979, 980), inasmuch as "defendant has a fundamental and nonwaivable right to be tried only on the crimes charged," as limited by either the bill of particulars or the indictment itself (*People v Duell*, 124 AD3d 1225, 1226 [internal quotation marks omitted], *lv denied* 26 NY3d 967; *see Greaves*, 1 AD3d at 980; *People v Burns*, 303 AD2d 1032, 1033). Where the court's jury instruction on a particular count erroneously contains an additional theory that differs from the theory alleged in the indictment, as limited by the bill of particulars, and the evidence adduced at trial could have established either theory, reversal of the conviction on that count is required because there is a possibility that the jury could have convicted the defendant upon the uncharged theory (*see People v Martinez*, 83 NY2d 26, 32-35; *People v Grega*, 72 NY2d 489, 496; *Greaves*, 1 AD3d at 980-981; *Burns*, 303 AD2d at 1033-1034). Indeed, such an error cannot be deemed harmless because it is impossible for an appellate court reviewing a general verdict to ascertain on which theory the jury convicted the defendant or whether the jury was unanimous with respect to the theory actually charged in that count (*see Martinez*, 83 NY2d at 34-36; *Burns*, 303 AD2d at 1033-1034).

Here, counts one and five of the indictment, as limited by the bill of particulars, charged defendant with committing predatory sexual assault against a child by engaging in two or more acts of oral sexual "contact" with each victim consisting of "contact between the mouth and the penis" (Penal Law § 130.00 [2] [a]; *see* §§ 130.75 [1] [b]; 130.96). The court's instructions, however, permitted the jury to convict defendant upon a finding that he engaged in two or more acts of sexual conduct with each victim, which included "contact between . . . the mouth and the . . . vagina" (§ 130.00 [2] [a]), as well as sexual contact by touching, either directly or through clothing, the sexual or intimate parts of the victims for the purpose of sexual gratification (*see* § 130.00 [3]). The People adduced evidence at trial that defendant engaged in those additional forms of sexual conduct with the victims during the relevant time frames. Thus, defendant's conviction of predatory sexual assault against a child under counts one and five must be reversed because the jury, or members thereof, could have convicted defendant upon an uncharged theory (*see Greaves*, 1 AD3d at 980-981; *Burns*, 303 AD2d at 1033-1034; *see generally Grega*, 72 NY2d at 496; *People v Gunther*, 67 AD3d 1477,

1477-1478).  The People contend that any error was harmless because there is no basis on this record to conclude that the jury convicted defendant of committing instances of uncharged sexual conduct, but not the conduct charged in the indictment, as limited by the bill of particulars.  We reject that contention.  Where, as here, there is evidence establishing uncharged theories, thus rendering it impossible for us to determine whether the verdict was based on such uncharged theories, we may not employ a harmless error analysis and, "in effect, assume the jury's fact-finding function by concluding that the jury must have reached its result on [the charged theories only]" (*Martinez*, 83 NY2d at 35).

We further agree with defendant that the court's instruction with respect to the charges of criminal sexual act under counts 10 through 13 and 17 through 28 permitted the jury to convict him upon a theory not charged in the indictment, as limited by the bill of particulars.  The bill of particulars alleged that defendant had engaged in oral sexual conduct with one of the victims consisting of contact between the mouth and the penis, whereas the court's erroneous instruction permitted the jury to convict defendant also upon a finding that he engaged in oral sexual conduct involving contact between the mouth and the vagina (*see* Penal Law §§ 130.00 [2] [a]; 130.45 [1]).  The People adduced evidence at trial that defendant's acts against the victim during the relevant time periods included contact between the mouth and the vagina and, thus, we conclude that the jury, or members thereof, could have convicted defendant upon an uncharged theory (*see Greaves*, 1 AD3d at 980-981; *Burns*, 303 AD2d at 1033-1034).

In addition, we conclude that defendant's conviction of endangering the welfare of a child under counts four and 45 must be reversed based on the same rationale.  The jury, or members thereof, could have convicted defendant on uncharged theories because the court's instruction permitted the jury to convict defendant upon a finding that he "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare" of the victims (Penal Law § 260.10 [1]) without limiting the jury's consideration to the particular acts of sexual "contact" alleged in the bill of particulars.  Here, the People adduced evidence at trial of additional acts constituting uncharged theories of that crime.

Defendant failed to preserve for our review his further contention that certain counts of the indictment were rendered duplicitous by evidence adduced at trial (*see People v Allen*, 24 NY3d 441, 449-450), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Brown*, 82 AD3d 1698, 1700, *lv denied* 17 NY3d 792).  We reject defendant's contention that he was denied effective assistance of counsel based on, among other things, defense counsel's failure to move to dismiss the subject counts of the indictment as duplicitous.  "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's failure to [make such a motion]" (*People v Rivera*, 71 NY2d 705, 709).  Here, we conclude that "defendant failed to meet that

burden, and thus defense counsel's purported failure, without more, is insufficient to demonstrate ineffective assistance" (*Brown*, 82 AD3d at 1700-1701 [internal quotation marks omitted]).  Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  Indeed, the record establishes that defense counsel made a clear and cogent opening statement directed at the credibility of the witnesses and the requirement that the People prove defendant's guilt beyond a reasonable doubt, lodged appropriate objections, conducted meaningful cross-examination of the witnesses that raised some inconsistencies in their testimony and attempted to cast doubt on their veracity, and presented a closing argument questioning the credibility of the People's witnesses and arguing that the victims' testimony was too vague to establish defendant's guilt beyond a reasonable doubt (*see generally People v Alexander*, 109 AD3d 1083, 1085).

Defendant failed to preserve for our review his further contention that he was deprived of the right to fair notice of the charges against him because the ranges of dates in the indictment during which the offenses allegedly occurred were overbroad (*see People v Erle*, 83 AD3d 1442, 1443, *lv denied* 17 NY3d 794).  In any event, we conclude that, " '[i]n view of the age[s] of the victim[s] and the date on which [they] reported the crimes, . . . the one-month . . . periods specified in the indictment provided defendant with adequate notice of the charges against him to enable him to prepare a defense' " (*People v Coapman*, 90 AD3d 1681, 1682, *lv denied* 18 NY3d 956; *see Spencer*, 119 AD3d at 1413).

By failing to object to any of the alleged instances of prosecutorial misconduct, defendant failed to preserve for our review his contention with respect thereto (*see* CPL 470.05 [2]).  In any event, we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Jackson*, 108 AD3d 1079, 1080, *lv denied* 22 NY3d 997 [internal quotation marks omitted]).

Finally, we conclude that the sentence imposed on the remaining counts of the indictment is not unduly harsh or severe.

Entered:  February 5, 2016                      Frances E. Cafarell
                                                Clerk of the Court