# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**293**

**KA 15-01839**

PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

KATHLEEN M. PRITCHARD, DEFENDANT-APPELLANT.

---

GANGULY BROTHERS, PLLC, ROCHESTER (ANJAN K. GANGULY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered September 9, 2015. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, a new trial is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of burglary in the first degree (Penal Law § 140.30 [2]). The conviction arises from an incident in which defendant allegedly allowed her brother into a home in which she resided, whereupon he entered another resident's bedroom and assaulted that resident. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that Supreme Court erred in instructing the jury on the elements of the crime, and we therefore reverse the judgment and grant a new trial. Initially, we reject the People's contention that defendant failed to preserve her contention for our review. Although the codefendant's attorney made most of the defense arguments during the charge conference, defense counsel also objected to the court's proposed charge on the ground now advanced on appeal. Thus, because defendant " 'without success has either expressly or impliedly sought or requested a particular . . . instruction, [she] is deemed to have thereby protested the court's . . . failure to . . . instruct accordingly sufficiently to raise a

question of law with respect to such . . . failure' " (*People v Medina*, 18 NY3d 98, 103-104, quoting CPL 470.05 [2]).

"It is well settled that, '[i]n evaluating a challenged jury instruction, we view the charge as a whole in order to determine whether a claimed deficiency in the jury charge requires reversal' " (*People v Walker*, 26 NY3d 170, 174). A person is guilty of burglary in the first degree, in pertinent part, when he or she "knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein" (Penal Law § 140.30 [2]). " 'Dwelling' means a building which is usually occupied by a person lodging therein at night" (§ 140.00 [3]), and "the definition of 'building' includes the following: 'Where a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and a part of the main building' " (*People v McCray*, 23 NY3d 621, 626, *rearg denied* 24 NY3d 947, quoting § 140.00 [2]).

Here, the court instructed the jurors that a "dwelling is a building which is usually occupied by a person lodging therein at night. A bedroom in a home, where there is more than one tenant, may be considered independent of the rest of the house and may be considered a separate dwelling within a building." The court, however, failed to include the part of the definition of building that would require the jury to determine whether the house at issue consisted of "two or more units" and whether the bedroom at issue was a unit that was "separately secured or occupied" (Penal Law § 140.00 [2]). Consequently, "given the omission of the definition of ['unit'] and/or ['separately secured or occupied,'] the instruction did not adequately convey the meaning of ['building'] to the jury and instead created a great likelihood of confusion such that the degree of precision required for a jury charge was not met" (*Medina*, 18 NY3d at 104).

Defendant further contends that the court erred in denying her motion to suppress the evidence seized after a sheriff's deputy stopped her vehicle. Defendant moved to suppress that evidence and, although the court held a hearing on the motion and issued findings of fact, it did not issue a ruling on the motion. The Court of Appeals "has construed CPL 470.15 (1) as a legislative restriction on [this Court's] power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (*People v LaFontaine*, 92 NY2d 470, 474, *rearg denied* 93 NY2d 849), and thus " 'the court's failure to rule on the motion cannot be deemed a denial thereof' " (*People v Dark*, 104 AD3d 1158, 1159). Inasmuch as we are reversing the judgment and granting a new trial, we further direct that the matter be remitted to Supreme Court to rule on defendant's motion prior to that trial.

In light of our determination, we do not address defendant's remaining contention.

Entered: April 28, 2017                    Frances E. Cafarell
                                           Clerk of the Court