People v Downey (2018 NY Slip Op 00758)





People v Downey


2018 NY Slip Op 00758


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, TROUTMAN, AND WINSLOW, JJ.


1481 KA 16-01438

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN M. DOWNEY, DEFENDANT-APPELLANT. 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 24, 2016. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law
§ 140.30 [2]). The charges arose from allegations that he entered a home in which his sister resided, then entered another resident's bedroom and assaulted that resident. Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant contends that reversal is required because the jury convicted him based on a theory that differs from the one set forth in the indictment as limited by the bill of particulars. Although defendant did not raise that contention in Supreme Court and thus did not preserve it for our review, we conclude that "preservation is not required" (People v Greaves, 1 AD3d 979, 980 [4th Dept 2003]), inasmuch as "defendant has a fundamental and nonwaivable right to be tried only on the crimes charged" in the indictment as limited by the bill of particulars (People v Duell, 124 AD3d 1225, 1226 [4th Dept 2015], lv denied 26 NY3d 967 [2015] [internal quotation marks omitted]; see People v Sanford, 148 AD3d 1580, 1582 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). Nevertheless, defendant's contention is without merit. Defendant, in essence, contends that, because of variances between the evidence at trial and the allegations in the indictment as limited by the bill of particulars, the indictment failed to fulfill two of the primary functions of an indictment, i.e., to provide "defendant with fair notice of the accusations made against him, so that he will be able to prepare a defense," and "to provide some means of ensuring that the crime for which the defendant is brought to trial is in fact one for which he was indicted by the Grand Jury, rather than some alternative seized upon by the prosecution in light of subsequently discovered evidence" (People v Iannone, 45 NY2d 589, 594 [1978]; see People v Rivera, 84 NY2d 766, 769 [1995]; see also Russell v United States, 369 US 749, 770 [1962]). Here, however, we conclude that the indictment and bill of particulars provided defendant with "fair notice of the accusations made against him, so that he [was] able to prepare a defense" (Iannone, 45 NY2d at 594; see People v Grega, 72 NY2d 489, 495 [1988]; People v Dawson, 79 AD3d 1610, 1611 [4th Dept 2010], lv denied 16 NY3d 894 [2011]), and there is no possibility that defendant was convicted of a crime that was not charged by the grand jury (cf. People v [*2]Graves, 136 AD3d 1347, 1349 [4th Dept 2016], lv denied 27 NY3d 1069 [2016]).
Defendant further contends that the court erred in instructing the jury on the elements of the crime. We agree, and we therefore reverse the judgment and grant a new trial. As we determined on the appeal of the codefendant, "the court instructed the jurors that a dwelling is a building which is usually occupied by a person lodging therein at night. A bedroom in a home, where there is more than one tenant, may be considered independent of the rest of the house and may be considered a separate dwelling within a building.' The court, however, failed to include the part of the definition of building that would require the jury to determine whether the house at issue consisted of two or more units' and whether the bedroom at issue was a unit that was separately secured or occupied' (Penal Law § 140.00 [2]). Consequently, given the omission of the definition of ["unit"] and/or ["separately secured or occupied,"] the instruction did not adequately convey the meaning of ["building"] to the jury and instead created a great likelihood of confusion such that the degree of precision required for a jury charge was not met' " (People v Pritchard, 149 AD3d 1479, 1480 [4th Dept 2017]). Because "defendant raises claims identical to those raised by the codefendant on [her] appeal, which claims required reversal in that case . . . , we conclude that . . . defendant's judgment of conviction must be reversed" (People v Sanchez, 304 AD2d 677, 677 [2d Dept 2003]; see generally People v Rodriquez, 299 AD2d 875, 875 [4th Dept 2002]; People v Catalano, 124 AD2d 304, 304 [3d Dept 1986]).
In light of our determination, we do not address defendant's remaining contentions.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court