People v Vasquez (2018 NY Slip Op 03382)





People v Vasquez


2018 NY Slip Op 03382


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-12576
 (Ind. No. 10070/13)

[*1]The People of the State of New York, respondent,
v Ramon Gonzalez Vasquez, appellant.


Seymour W. James, Jr., New York, NY (Anita Aboagye-Agyeman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne M. Mondo, J.), rendered December 17, 2015, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant was indicted for, inter alia, endangering the welfare of a child under count six of the indictment. In connection with that count, the indictment alleged that the defendant, then 24 years old, subjected the then 14-year-old complainant to sexual contact by touching his penis to her vagina, by touching his penis to her anus, by touching his mouth to her breasts, and/or by touching his hand to her breasts and/or vagina. During the jury trial, the complainant testified as to the alleged sexual conduct of the defendant, as charged in other counts of the indictment, which included engaging in vaginal and anal intercourse with the complainant. Evidence was also adduced from the complainant and another eyewitness, and from the defendant's admissions, that he kissed the complainant.
In summation, the People argued, over objection, that the defendant's guilt of endangering the welfare of a child was established by the conduct of kissing the complainant. The Supreme Court then instructed the jury, over objection, that in order to find the defendant guilty of endangering the welfare of a child under the relevant count, the jurors were required to find that the defendant knowingly acted in a manner likely to be injurious to the physical, mental, or moral welfare of the complainant, a child less than 17 years old, by engaging in sexual contact with her, defined, under the general definition in the Penal Law, as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00[3]). The jury returned a verdict of guilty on that count, and acquitted the defendant of the other counts submitted to it, which charged the defendant, inter alia, with engaging in vaginal and anal intercourse with the complainant.
Where the prosecution is limited by the indictment or bill of particulars to a certain theory or theories, the court must hold the prosecution to such narrower theory or theories [*2](see People v Grega, 72 NY2d 489, 496; People v Barnes, 50 NY2d 375, 379 n 3; People v Graves, 136 AD3d 1347, 1348). Here, the defendant was convicted of endangering the welfare of a child under a count of the indictment that limited the People to a particular theory or theories of endangering the welfare of a child. Therefore, the Supreme Court erred when it permitted the jury to consider a theory not charged in the indictment—that kissing endangered the complainant's welfare (see People v Grega, 72 NY2d at 496; People v Barnes, 50 NY2d at 379 n 3; People v Graves, 136 AD3d at 1348). Since the defendant's conviction may have been based upon an uncharged theory, the judgment of conviction must be reversed and a new trial ordered.
The defendant's remaining contentions are without merit or need not be addressed in light of our determination.
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.

2015-12576 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Ramon Gonzalez Vasquez, appellant.
(Ind. No. 10070/13)

Motion by the appellant, inter alia, to strike stated portions of the respondent's brief on an appeal from a judgment of the Supreme Court, Kings County, rendered December 17, 2015, on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated September 15, 2017, the branch of the motion which is to strike stated portions of the respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the respondent's brief is granted, and those portions of the respondent's brief that refer to and rely on the grand jury minutes are deemed stricken and have not been considered on the appeal (see People v Broughton, 40 AD3d 1007, 1008; cf. People v Sinha, 84 AD3d 35, 45 n, affd 19 NY3d 932).
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court