The People of the State of New York, Respondent,
against
Victor Garcia, Appellant.




John R. Lewis, for appellant.
Westchester County District Attorney (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Thomas R. Daly, J.), rendered August 26, 2016. The judgment convicted defendant, after a nonjury trial, of common-law driving while intoxicated and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
By simplified traffic information dated December 21, 2014, defendant was charged with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). A supporting deposition, signed by the arresting officer and dated December 21, 2014, states that, at approximately 4:22 a.m. on December 21, 2014, defendant operated a 2013 Honda at 102 Ash Street in Yonkers. The printed supporting deposition form contains numerous lines setting forth various allegations, with spaces for placing an "x" next to the appropriate statements. In this case, after the words "[t]he operation of said vehicle is established by the fact," an "x" appeared next to the line indicating that "[y]our deponent observed said operation." In addition, after the words "[t]he [d]efendant was stopped for the following reason," an "x" appeared next to the line indicating "[o]ther . . . Sleeping Behind The Wheel." Furthermore, after the words "[y]our deponent made the following observations of the Defendant which led your deponent to conclude that the defendant was intoxicated," an "x" appeared next to the following lines: "Odor of an [*2]alcoholic beverage on Defendant's breath; Glassy eyes; Bloodshot eyes; Slurred speech; Staggered when Defendant walked; Swayed when Defendant stood; Impaired motor coordination." However, there was no "x" next to any of the following lines: "Circumstantial evidence existed consisting of . . . Defendant at the wheel . . . Keys in the ignition . . . Motor of vehicle running."
During his opening statement at the nonjury trial, the prosecutor asserted that the court would hear testimony that, while on patrol, Yonkers police officers had observed a Honda CRV parked with its back wheel on the sidewalk and the front of the vehicle protruding into the street, obstructing traffic. The officers exited their marked cars, approached the vehicle, and observed defendant sleeping in the driver's seat. The keys were in the ignition and the engine was running. The officers unsuccessfully attempted to wake defendant up. One of the officers stuck his head into the window of the car, turned off its motor and removed the keys from the ignition. The officers were then able to wake defendant up.
A Yonkers police officer testified that, at approximately 4:20 a.m. on December 21, 2014, he had been on patrol with his partner in a marked radio car in the area of Ash Street in Yonkers, when he observed a dark-colored Honda CRV parked with its rear wheel on the sidewalk and the front of the vehicle obstructing vehicular traffic. The officers "ran" the car's license plate and discovered that the vehicle had been stolen. The officers exited the patrol car, approached the vehicle, and observed an individual in the driver's seat asleep at the wheel. The keys were in the ignition. The officer heard the motor running and saw exhaust coming out of the tailpipe.
The officer further testified that he had knocked on the driver's side window, but had not been successful in waking the driver up. The officer opened the driver's side door, turned the motor off, and took the keys out of the ignition. He detected the odor of an alcoholic beverage from the vehicle as well as from the breath of the driver, who was identified in court as defendant. The officer woke defendant up and asked him to exit the vehicle. Defendant stated that he had consumed "a few beers" before entering the vehicle. The officer observed that defendant had "bloodshot glassy eyes," swayed while he was standing still, and exhibited slurred speech. Defendant failed a standardized field sobriety test, twice refused to submit to a chemical breath test and claimed that he had not been driving. The officer determined that defendant was intoxicated.
During cross-examination, the officer testified that he had never seen the vehicle move. He agreed that he had placed an "x" next to a line indicating that he had observed defendant operate the vehicle. When counsel asked how defendant had operated the vehicle, the officer replied that "[defendant] was sitting in the driver's seat with the engine on and the key in the ignition." It appeared that defendant was asleep. The officer admitted that there was no "x" on the preprinted supporting deposition form next to the entries that there were keys in the ignition, that defendant had admitted that he had operated the vehicle, and that there was circumstantial evidence of operation by virtue of defendant being at the wheel and that the motor was running. However, the entry that defendant was sleeping at the wheel had an "x" next to it. During redirect examination, the officer testified that his failure to check off the circumstantial evidence entry on the supporting deposition was an error.
The second Yonkers police officer who was at the scene testified, among other things, that defendant had failed a horizontal gaze nystagmus test. No other standardized field sobriety [*3]tests had been conducted, as defendant had been handcuffed because he had been sitting in a vehicle that had been reported stolen. The second officer otherwise testified to the same effect as had the prior witness and similarly stated that he had concluded that defendant had been intoxicated.
Defendant rested without presenting any evidence or calling any witnesses.
Defendant moved to dismiss the charge of common-law driving while intoxicated on the ground, among others, that the supporting deposition alleged that defendant was sleeping and driving simultaneously.
The People responded, among other things, that a person is deemed to be operating a vehicle if he is asleep at the wheel with the key in the ignition and the engine running.
In reply, defendant argued, among other things, that "no testimony or evidence from the trial should be considered in this motion." Rather, the "combination of the information and the supporting deposition do not support a finding of reasonable cause to believe a crime has been committed."
In a written decision and order, the court denied the motion, noting that it had not considered "any of the testimony adduced at trial, but rather, [based] its decision solely upon a review of the subject Simplified Traffic Information, in light of the written submissions of counsel on the motion."
Thereafter, the City Court convicted defendant of common-law driving while intoxicated.
On appeal, defendant argues that the People presented evidence at trial that was based on a theory that was completely different from, and inconsistent with, the theory set forth in the supporting deposition (see generally People v Vasquez, AD3d , 2018 NY Slip Op 03382 [2018]; People v Greaves, 1 AD3d 979, 980 [2003]; People v Levy, 34 Misc 3d 25, 27-28 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Defendant asserts that the lines in the supporting deposition next to the entries for keys in the ignition and motor running were left blank, yet that was precisely what was testified to at trial by the officers. Defendant also claims that he was denied the effective assistance of trial counsel, who, in the motion to dismiss, argued that defendant could not be sleeping in a vehicle and driving or operating that vehicle at the same time. Moreover, defendant asserts that his trial counsel failed to move to dismiss on the ground he raises on appeal, i.e., that the theory of the evidence presented at trial was inconsistent with the theory set forth in the supporting deposition.
The People correctly argue that defendant did not specifically move to dismiss on the ground that the theory of the prosecution at trial differed from the theory set forth in the supporting deposition. However, we reach defendant's unpreserved claim as a matter of discretion in the interest of justice, and determine that there was no change in theory between the supporting deposition and the trial testimony.
A person is considered to be "operat[ing] a motor vehicle" pursuant to Vehicle and Traffic Law § 1192 (3) even if the vehicle is not moving, where the driver is asleep at the wheel with the key in the ignition and the engine running (see People v Prescott, 95 NY2d 655, 662 [2001]; People v Alamo, 34 NY2d 453, 458 [1974]; People v Cunningham, 274 AD2d 484 [2000]; People v Morales, 54 Misc 3d 137[A], 2017 NY Slip Op 50139[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Cross, 52 Misc 3d 133[A], 2016 NY Slip Op 51011[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016] ["It is well settled that a person in the [*4]driver's seat of a vehicle with the engine on and the keys in the ignition can be found to be operating a motor vehicle, without the need for proof that the person ever put the car in motion"]; People v Ramlall, 47 Misc 3d 141[A], 2015 NY Slip Op 50621[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Here, the supporting deposition alleged that the officers had personally observed defendant operating the vehicle while sleeping behind the wheel. Thus, there was no inconsistency between the theory of the supporting deposition and that of the trial testimony. Although it may have eliminated any ambiguity had the lines next to the words "keys in the ignition" and "motor of vehicle running" on the preprinted form had an "x" next to them, both the supporting deposition and the trial testimony asserted that defendant had been operating the vehicle while he was asleep in the driver's seat, behind the wheel.
Consequently, a motion to dismiss on the ground now argued by defendant on appeal would have been denied. Thus, defendant was not denied the effective assistance of trial counsel.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, J.P., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2018