■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CHIANESE, Appellant. [837 NYS2d 820]—

Appeal from a judgment of the Seneca County Court (W. Patrick Falvey, J.), rendered July 21, 2005. The judgment convicted defendant, upon his plea of guilty, of arson in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of arson in the third degree (Penal Law § 150.10 [1]), defendant contends that an error in the felony

complaint quoting the language of a Penal Law section different from the language in the section set forth in the felony complaint rendered the superior court information and the waiver of indictment jurisdictionally defective. We note at the outset that defendant's contention survives the plea of guilty and defendant's waiver of the right to appeal, which was knowing, intelligent and voluntary (*see People v Gilbert*, 17 AD3d 1164 [2005], *lv denied* 5 NY3d 762 [2005]), because it "relate[s] . . . to jurisdictional matters" (*People v Hansen*, 95 NY2d 227, 230 [2000]; *see People v June*, 30 AD3d 1016, 1017 [2006], *lv denied* 7 NY3d 813, 868 [2006]; *People v Champion*, 20 AD3d 772, 773-774 [2005]). Nevertheless, we reject defendant's contention. The felony complaint recites first that, "in violation of Section 150.10 Subdivision 1 of the Penal Law . . . defendant . . . intentionally, knowingly, and unlawfully commit[ted] the FELONY of ARSON 3RD," but it then recites the particulars of the crime of arson in the fourth degree, i.e., "recklessly damag[ing] a building or motor vehicle by intentionally starting a fire or causing an explosion" (§ 150.05 [1]). It is well settled that "[t]he incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime" (*People v D'Angelo*, 98 NY2d 733, 735 [2002]). "Although the . . . recitation [that] followed [the reference to Penal Law § 150.10 (1)] mirrored the language of another [Penal Law section], we do not find this error to be controlling" (*Champion*, 20 AD3d at 774). We conclude that the specific reference in the felony complaint to Penal Law § 150.10 (1), along with the factual recitation, renders the felony complaint legally sufficient to charge defendant with the crime of arson in the third degree (*see generally People v Ray*, 71 NY2d 849, 850 [1988]; *People v Marshall*, 299 AD2d 809 [2002]).

To the extent that the contention of defendant that he was denied effective assistance of counsel survives his guilty plea and his waiver of the right to appeal (*see People v Fifield*, 24 AD3d 1221, 1222 [2005], *lv denied* 6 NY3d 775 [2006]), we conclude that defendant's contention lacks merit (*see People v Ford*, 86 NY2d 397, 404 [1995]). The challenge by defendant to the severity of the sentence does not survive his waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Finally, upon our review of the record, we reject defendant's contention that County Court had a duty to make further inquiry to ensure that there was a sufficient factual basis for the plea and that the plea was voluntarily entered (*see generally People v Lopez*, 71 NY2d 662, 666 [1988]). Present—Scudder, P.J., Hurlbutt, Green and Pine, JJ.