■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND CHILES, Appellant. [894 NYS2d 301]—

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered July 23, 2008. The judgment convicted defendant, upon his plea of guilty, of failure to register as a sex offender and/or to verify his status as a sex offender.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of failure to register as a sex offender and/or to verify his status as such (Correction Law § 168-f [4]), defendant contends that the superior court information (SCI) was jurisdictionally defective because it did not set forth the date by which he was required to register his change of address. Although the contention of defendant survives both his plea and his valid waiver of the right to appeal (*see People v Chianese*, 41 AD3d 1168, 1169 [2007], *lv denied* 9 NY3d 1032 [2008]; *see also People v Cieslewicz*, 45 AD3d 1344, 1345 [2007]), we nevertheless reject that contention. The SCI included the specific date on which defendant violated the statute by failing to register his change of address and incorporated the elements of the crime by reference to the statute (*see Chianese*, 41 AD3d at 1169). Thus, the SCI "effectively charge[d] . . . defendant with the commission of a particular crime and afforded him fair notice of the charges made against him, so that he [could] prepare a defense and . . . avoid subsequent attempts to retry him for the same crime" (*People v Welch*, 46 AD3d 1228, 1229 [2007], *lv denied* 10 NY3d 845 [2008] [internal quotation marks omitted]).

Defendant further contends that Supreme Court failed to advise him of his duties pursuant to the Sex Offender Registration Act (SORA) at the time it determined his risk level. In support of that contention, defendant relies on a transcript attached to his brief, which is not part of the stipulated record on appeal and therefore is not properly before us (*see People v*

*Huntsman*, 296 AD2d 858 [2002], *lv denied* 99 NY2d 536 [2002], 99 NY2d 615 [2003]). We therefore are unable to review that contention. We note in any event that Correction Law § 168-e (1) provides that "[a]ny sex offender, to be discharged, paroled, released to post-release supervision or released from any state or local correctional facility . . . shall at least [15] calendar days prior to discharge, parole or release, be informed of his or her duty to register under this article, by the facility in which he or she was confined . . . ." Here, defendant does not contend that the personnel at the correctional facility from which he was released failed to advise him of his duties to register pursuant to SORA, and there is no such showing in the record. Insofar as defendant contends that he did not knowingly violate SORA by failing to register a change of address, thus in effect challenging the sufficiency of the plea allocution, he failed to preserve that contention for our review by failing to move to withdraw his plea or to vacate the judgment of conviction (*see People v Stuart*, 19 AD3d 1167 [2005], *lv denied* 5 NY3d 810 [2005]). In any event, that contention is without merit. Present—Centra, J.P., Peradotto, Green and Pine, JJ.