■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDUARDO RODRIGUEZ, Respondent. [931 NYS2d 60]—

The Sex Offender Registration Act imposes reporting requirements for all levels of registered sex offenders pursuant to Correction Law § 168-f, and failure to comply with these require-

ments is a felony under Correction Law § 168-t. All sex offenders are subject to a mail-in verification requirement (Correction Law § 168-f [2]). For level three offenders such as this defendant, section 168-f (3) imposes an additional requirement of in-person verification every 90 days, commencing at the time of "release or commencement of parole or post-release supervision, or probation, or release on payment of a fine, conditional discharge or unconditional discharge."

Section 168-f (3) contemplates that the judicial determination of an offender's risk level is to be made prior to the offender's release. The date of judicial determination is not specified as the commencement of the 90-day period in which the offender is required to report. For that reason, Supreme Court found the statute was vague as applied to defendant, who was not adjudicated by the court as a level three sex offender until after his release to parole supervision. This was error.

There was no basis for dismissing the count of the indictment charging defendant with failing to appear in person to verify his registration information with the Sex Offender Monitoring Unit. The indictment specified that defendant committed acts constituting every material element of the crime charged (*see People v D'Angelo*, 98 NY2d 733, 734-745 [2002]; *People v Iannone*, 45 NY2d 589, 600 [1978]).

Although defendant had not yet been adjudicated a level three offender at the time of his release, the People alleged that the violation of the statute occurred well after the judicial determination, and after defendant had personally verified his address every 90 days on at least five occasions. On January 9, 2008, the last date on which defendant reported, he was told to report on April 9, 2008, but he failed to do so. Thus, he was properly charged with failure to verify registration information within a 90-day period. The indictment correctly set forth the date of the crime as on or about April 10, 2008.

There was no infirmity in the indictment, because defendant was only charged with failing to appear in that particular 90-day period. It was not necessary to examine previous 90-day periods or the commencement date of the reporting requirement to determine whether he committed the charged offense.

The statute was not unconstitutionally vague (*see People v Stuart*, 100 NY2d 412, 421-425 [2003]). It was "sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute," and also provided "explicit standards for those who apply them so as to avoid resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application"

(*People v Nelson*, 69 NY2d 302, 307 [1987] [internal quotation marks and citations omitted]). The date on which the initial 90-day period commenced presented a purely academic question, since defendant failed to personally verify his address for a subsequent, clearly defined 90-day period. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Richter, JJ.