Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered October 4, 2013. The judgment convicted defendant, upon a jury verdict, of criminally negligent homicide and assault in the third degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the indictment is dismissed, and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.
 

 Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminally negligent homicide (Penal Law § 125.10) and assault in the third degree (§ 120.00 [3]), defendant contends that the conviction is not supported by legally sufficient evidence because the evidence presented at trial varied from the limited theories alleged in the indictment, as amplified by the bill of particulars. We agree.
 

 On May 9, 2011, defendant suffered a seizure while operating his vehicle, and the seizure caused him to drive into a park, where he struck two children, killing one and injuring the other. Thereafter, defendant was indicted by a grand jury and charged with manslaughter in the second degree (Penal Law § 125.15 [1]) for recklessly causing a death; assault in the second degree (§ 120.05 [4]) for recklessly causing serious physical injury by means of a dangerous instrument, i.e., a motor vehicle; and driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]) for operating a motor vehicle while his ability to do so was impaired by the use of a drug, i.e., marihuana. Prior to trial, defendant served multiple demands for a bill of particulars requesting, inter alia, that the People specifically describe how defendant was reckless. In response, the People specified only that “[t]he ingestion of marihuana and a failure to take medication were both factors that contributed to the defendant’s recklessness.” Despite defendant’s objections during the course of the trial, including a motion for a trial order of dismissal at the close of the People’s case and renewal of that motion at the close of all proof (see generally People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]), the People presented evidence that defendant was reckless based upon not only marihuana use and failure to take medication, but also based upon, inter alia, his lack of sleep, failure to inform his doctors of his syncope events, and failure to control his alcohol consumption. The jury found defendant not guilty of the indicted charges but guilty of the lesser included offenses of criminally negligent homicide and assault in the third degree.
 

 We note at the outset that, contrary to the People’s contention, defendant preserved the legal insufficiency issue for our review. A conviction is supported by legally sufficient evidence “when, viewing the facts in [the] light most favorable to the People, ‘there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt’ ” (People v Danielson, 9 NY3d 342, 349 [2007]; see People v Bleakley, 69 NY2d 490, 495 [1987]). “Where the charge against a defendant is limited either by a bill of particulars or the indictment itself, the defendant has a fundamental and nonwaivable right to be tried only on the crimes charged” (People v Duett, 124 AD3d 1225, 1226 [2015], lv denied 26 NY3d 967 [2015] [internal quotation marks omitted]). Here, because the People specifically narrowed their theory of recklessness in the bill of particulars, County Court was “ ‘obliged to hold the prosecution to this narrower theory alone’ ” (id. at 1227; see People v Smith, 161 AD2d 1160, 1161 [1990], lv denied 76 NY2d 865 [1990]).
 

 The People did not present any evidence that marihuana use, in general, may cause seizures or that marihuana use caused defendant’s specific seizure herein. In addition, the People did not present any evidence that defendant had been prescribed anti-seizure medication and that he had failed to take it. Inasmuch as there was a variance between the People’s trial evidence and the indictment as amplified by the bill of particulars, and that evidence was insufficient to support the theories of defendant’s recklessness set forth in the bill of particulars, defendant was essentially tried and convicted on charges for which he had not been indicted (see Duell, 124 AD3d at 1227). The judgment of conviction therefore must be reversed and the indictment must be dismissed (see id.; People v Burns, 303 AD2d 1032, 1033-1034 [2003]; Smith, 161 AD2d at 1161; cf. People v Graves, 136 AD3d 1347, 1348-1349 [2016], lv denied 27 NY3d 1069 [2016]).
 

 Present — Smith, J.P., DeJo-seph, Curran, Troutman and Winslow, JJ.