Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered February 17, 2015. The judgment convicted defendant, upon a jury verdict, of unlawful imprisonment in the first degree, assault in the second degree, criminal contempt in the second degree and attempted criminal contempt in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of unlawful imprisonment in the first degree and assault in the second degree and as modified the judgment is affirmed, and a new trial is granted on counts one and two of the indictment.
 

 Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of unlawful imprisonment in the first degree (Penal Law § 135.10), assault in the second degree (§ 120.05 [6]), criminal contempt in the second degree (§ 215.50 [3]), and attempted criminal contempt in the second degree (§§ 110.00, 215.50 [3]). The charges arose from an incident in which defendant allegedly forced his former girlfriend into a vehicle, drove her around the City of Buffalo, and struck her repeatedly. While defendant was driving the victim through the streets of Buffalo, she threw herself from the moving vehicle and sustained numerous injuries as a result.
 

 Defendant contends that his conviction of assault in the second degree must be reversed because Supreme Court’s instruction created the possibility that the jury convicted him upon a theory different from the one charged in the indictment. We agree. As a preliminary matter, we reject the People’s contention that defendant was required to preserve his contention for our review. It is well settled that “ ‘defendant has a “fundamental and nonwaivable” right to be tried only on the crimes charged’ ” (People v Graves, 136 AD3d 1347, 1348 [4th Dept 2016], lv denied 27 NY3d 1069 [2016]; see People v McNab, 167 AD2d 858, 858 [4th Dept 1990]; see generally People v Miles, 289 NY 360, 363 [1942]). With respect to the merits of defendant’s contention, “[w]here the court’s jury instruction on a particular count erroneously contains an additional theory that differs from the theory alleged in the indictment, as limited by the bill of particulars, and the evidence adduced at trial could have established either theory, reversal of the conviction on that count is required because there is a possibility that the jury could have convicted the defendant upon the uncharged theory” (Graves, 136 AD3d at 1348; see People v Sanford, 148 AD3d 1580, 1582 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). We may not apply harmless error analysis to such an error because it would be impossible to determine whether the jury based its guilty verdict on the uncharged theory (see People v Badalamenti, 27 NY3d 423, 439 [2016]).
 

 Here, defendant was charged in count two of the indictment with assault in the second degree on the theory that, in the course of and in furtherance of the commission of an unlawful imprisonment in the first degree, he caused physical injury to the victim “by striking her” (see Penal Law § 120.05 [6]). At trial, the victim testified that, while she was seated in the passenger seat of the vehicle, defendant punched her in the left eye with a closed fist, causing blurred vision, inflicting pain that she described as 10 on a scale of 1 to 10, and leaving her with a black eye. On cross-examination, however, the victim testified that she sustained additional injuries when she threw herself from the moving vehicle, including a broken jaw, a gashed lip, lacerations to her face, and three broken teeth. During jury deliberations, the court received a note from the jury, asking: “If the victim suffers injuries in trying to escape, out of credible fear for her own safety, do these injuries, from a legal perspective, amount to assault by the defendant?” In response, the court reread the jury charge, which stated: “If you find that physical injury was caused by the defendant, then it does not matter that the physical injury was caused unintentionally or accidentally rather than with an intention to cause physical injury, or that it resulted from the victim’s fear or fright.” In so doing, the court effectively instructed the jurors that, in determining whether defendant was guilty of assault in the second degree, they could consider any injuries that the victim sustained when she threw herself from the moving vehicle. Inasmuch as those were not injuries that defendant caused “by striking” the victim, there is a possibility that the jury convicted defendant upon a theory different from the one charged in the indictment. We therefore modify the judgment by reversing that part convicting defendant of assault in the second degree, and we grant him a new trial on count two of the indictment (see Graves, 136 AD3d at 1348).
 

 Defendant further contends that his conviction of unlawful imprisonment in the first degree also must be reversed because the court erred in refusing to charge the lesser included offense of unlawful imprisonment in the second degree. We agree. A defendant is entitled to a lesser included offense charge upon showing that (1) the offense to be charged is a lesser included offense, and (2) “there is a reasonable view of the evidence in the particular case that would support a finding that he committed the lesser offense but not the greater” (People v Glover, 57 NY2d 61, 63 [1982]; see CPL 300.50 [1], [2]). “A person is guilty of unlawful imprisonment in the second degree when he [or she] restrains another person” (Penal Law § 135.05). A person is guilty of unlawful imprisonment in the first degree when he or she performs such an act “under circumstances which expose the latter to a risk of serious physical injury” (§ 135.10). In this case, the bill of particulars limited the risk of serious physical injury to the risk exhibited by defendant in threatening the victim with serious bodily harm.
 

 With respect to the first prong, unlawful imprisonment in the second degree is a lesser included offense of unlawful imprisonment in the first degree inasmuch as it is theoretically impossible to commit the greater offense without also committing the lesser offense (see People v Subik, 112 AD2d 480, 481 [3d Dept 1985]; see generally Glover, 57 NY2d at 63).
 

 With respect to the second prong, we conclude that there is a reasonable view of the evidence that defendant committed the lesser offense, but not the greater. At trial, the victim testified that defendant chased her down, put her in a headlock, dragged her kicking and screaming into the vehicle, and then drove away. In addition, three eyewitnesses who observed those events gave testimony consistent with the victim’s testimony. The victim further testified that, while defendant drove her through the streets of Buffalo, he repeatedly threatened to kill her. In his own defense, defendant testified that he did not force the victim into the vehicle, never struck her or inflicted any injuries upon her, and never threatened her. The jury reasonably could have credited that part of the victim’s testimony in which she stated that defendant restrained her within the vehicle, yet rejected that part of her testimony in which she stated that, after she was in the vehicle, defendant threatened to kill her. That is particularly so given that the testimony of the eyewitnesses corroborated the victim’s testimony only up to the time that she was restrained within the vehicle. We thus conclude that “a charge-down to the lesser offense [was] appropriate [because] it would [have been] reasonable for the jury to reject a portion or segment of the witnesses] testimony establishing the greater offense, while crediting that portion of the testimony establishing the lesser crime” (People v Negron, 91 NY2d 788, 792 [1998]; see generally People v Jones, 129 AD3d 592, 593 [1st Dept 2015], lv denied 27 NY3d 1134 [2016]). We therefore further modify the judgment by reversing that part convicting defendant of unlawful imprisonment in the first degree, and we grant him a new trial on count one of the indictment.
 

 Defendant also contends that he was denied a fair trial as a result of several instances of alleged prosecutorial misconduct. Although defendant did not object to all of the prosecutor’s allegedly improper remarks and thus failed to preserve his contention for our review with respect to those remarks, we exercise our power to review his contention with respect to all of the prosecutor’s allegedly improper remarks as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We note one remark in particular that occurred during the People’s opening statement. The prosecutor stated that “the signs of [defendant’s] unbridled obsession were still on him in the form of his white T-shirt covered in [the victim’s] blood.” As the prosecutor was well aware, however, defendant’s shirt had been destroyed by the police and was unavailable for defendant’s inspection or as evidence at trial. It was later revealed through cross-examination of the forensic biologist who examined the shirt that there had been just three small spots of blood on the shirt, the largest of which was slightly larger than one square centimeter. Thus, it is apparent that the prosecutor grossly exaggerated the amount of the victim’s blood on that piece of lost evidence. Although the prosecutor’s remark was improper, we conclude that reversal is unwarranted because “ ‘the misconduct [did] not substantially prejudice! ] . . . defendant’s trial’ ” (People v Galloway, 54 NY2d 396, 401 [1981]). Nevertheless, we take this opportunity to remind the prosecutor that she is “charged with the responsibility of presenting competent evidence fairly and temperately, not to get a conviction at all costs” (People v Mott, 94 AD2d 415, 418 [4th Dept 1983]).
 

 We reject defendant’s contention that erroneous evidentiary rulings compel reversal. Any error is harmless with respect to defendant’s conviction of counts three and four of the indictment inasmuch as the evidence of his guilt on those counts is overwhelming and there is no reasonable possibility that any error contributed to the jury’s verdict (see generally People v Crimmins, 36 NY2d 230, 237 [1975]). Contrary to defendant’s further contention, we conclude that he received effective assistance of counsel inasmuch as “the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [his] attorney provided meaningful representation” (People v Baldi, 54 NY2d 137, 147 [1981]).
 

 Inasmuch as defendant has completed serving the sentence imposed on the remaining misdemeanor counts of which he was convicted, “his contention that the sentence is unduly harsh and severe has been rendered moot” (People v Swick, 147 AD3d 1346, 1346 [4th Dept 2017], lv denied 29 NY3d 1001 [2017] [internal quotation marks omitted]).
 

 In light of our determination, we do not consider defendant’s remaining contentions.
 

 Present—Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.