People v Hursh (2021 NY Slip Op 00956)





People v Hursh


2021 NY Slip Op 00956


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


883 KA 16-00067

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ZACHARY HURSH, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered December 3, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of robbery in the third degree (Penal Law § 160.05), defendant contends that the evidence at trial, coupled with County Court's jury instructions, created the possibility that he was convicted of the crime upon a different theory from the one charged in the indictment as supplemented by the bill of particulars, and that the indictment was therefore rendered duplicitous.
We note that, as the Court of Appeals recognized in People v Allen (24 NY3d 441, 449 [2014]), this Court had previously "held that duplicity created by trial evidence violates a defendant's right to be tried and convicted only of the crimes and theories charged in the indictment, which is a fundamental and non-waivable right, and that such error also violates a defendant's right under CPL 310.80 to a unanimous verdict, and that preservation is unnecessary." In Allen, however, the Court of Appeals ruled that any such "uncertainty could have easily been remedied with an objection during opening statements or the witness testimony, or to the jury charge," and that "[r]equiring preservation will prevent unnecessary surprise after the conduct of a complete trial" (id.). "Accordingly, [the Court of Appeals held] that issues of non-facial duplicity, like those of facial duplicity, must be preserved for appellate review" (id. at 449-450). We therefore conclude here that defendant was required to preserve his challenge for our review (see id.; see also People v Zeman, 156 AD3d 1460, 1461 [4th Dept 2017], lv denied 31 NY3d 988 [2018]; People v Garner, 145 AD3d 1573, 1574 [4th Dept 2016], lv denied 29 NY3d 1031 [2017]). Insofar as several cases from this Court issued after Allen indicate that a defendant need not preserve an "issue[] of non-facial duplicity" that is based wholly or partially on a jury charge (24 NY3d at 449; see e.g. People v Barber, 155 AD3d 1543, 1544 [4th Dept 2017]; People v Graves, 136 AD3d 1347, 1348 [4th Dept 2016], lv denied 27 NY3d 1069 [2016]), they are no longer to be followed.
Here, defendant failed to preserve his contention for our review (see People v Tirado, 175 AD3d 970, 971 [4th Dept 2019], lv denied, 34 NY3d 984 [2019], reconsideration denied 34 NY3d 1133 [2020]; People v Vail, 174 AD3d 1365, 1366 [4th Dept 2019]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court