People v Myers (2021 NY Slip Op 02946)





People v Myers


2021 NY Slip Op 02946


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


478 KA 19-00326

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACOB A. MYERS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, EASTON THOMPSON KASPEREK SHIFFRIN LLP (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered December 18, 2018. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law § 130.96). He contends that his conviction must be reversed because the admission of testimony that a witness observed defendant engaging in sexual contact with the minor victim impermissibly permitted the jury to convict him based on a theory different from that set forth in the indictment, as limited by the bill of particulars (see generally People v Graves, 136 AD3d 1347, 1348-1349 [4th Dept 2016], lv denied 27 NY3d 1069 [2016]). We reject that contention inasmuch as "[t]he language in the indictment and bill of particulars was . . . broad enough to encompass all the sexual contact as testified to by the [witness]" (People v Hymes, 174 AD3d 1295, 1297 [4th Dept 2019], affd 34 NY3d 1178 [2020]). The indictment charged defendant with committing predatory sexual assault against a child by engaging in "two or more acts of sexual conduct, which included at least one act of oral sexual conduct" with the victim. Although the People's bill of particulars narrowed the specific type of "oral sexual conduct" alleged, it did not limit the People to only such conduct, nor did it preclude the People from presenting evidence of additional acts of "sexual conduct," including the "sexual contact" to which the witness testified (§ 130.00 [2] [a]; [3], [10]; see People v Colsrud, 144 AD3d 1639, 1640 [4th Dept 2016], lv denied 29 NY3d 1030 [2017]).
We have reviewed defendant's remaining contentions and conclude that they do not warrant modification or reversal of the judgment.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court