People v Faison (2021 NY Slip Op 05184)





People v Faison


2021 NY Slip Op 05184


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


278 KA 14-01879

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MAURICE C. FAISON, DEFENDANT-APPELLANT. 






DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered July 24, 2014. The judgment convicted defendant upon a jury verdict of murder in the second degree, manslaughter in the first degree, aggravated criminal contempt, criminal contempt in the second degree, endangering the welfare of a child and criminal obstruction of breathing or blood circulation. 
It is hereby ORDERED that the judgment so appealed from is modified on the law by reversing that part convicting defendant of murder in the second degree and as modified the judgment is affirmed, and a new trial is granted on count one of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [4] [depraved indifference murder of a person less than 11 years old]), manslaughter in the first degree (§ 125.20 [4]), aggravated criminal contempt (§ 215.52 [1]), criminal contempt in the second degree (§ 215.50 [3]), endangering the welfare of a child (§ 260.10 [1]), and criminal obstruction of breathing or blood circulation
(§ 121.11 [a]).
Contrary to defendant's contention, viewing the evidence in light of the elements of murder, manslaughter, and endangering the welfare of a child as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict on those counts is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that we must reverse the murder conviction because County Court's instructions created the possibility that the jury convicted him based on a theory different from that set forth in the indictment, as limited by the bill of particulars. "A defendant has a right to be tried only for the crimes charged in the indictment" (People v Petersen, 190 AD3d 769, 770 [2d Dept 2021], lv denied 36 NY3d 1123 [2021]). " 'Where the prosecution is limited by the indictment or bill of particulars to a certain theory or theories, the court must hold the prosecution to such narrower theory or theories' " (id.). We agree with defendant that the People's theory of depraved indifference, as outlined in the bill of particulars, was limited to defendant's assaultive conduct, i.e., his infliction of head injuries by shaking or hitting the child, and that the court's instruction allowed the jury to consider, in addition to the specifically delineated assaultive conduct, defendant's "inaction" after the assault ended. Although defendant did not object to any trial testimony on the ground that it was outside the scope of the bill of particulars and, in fact, he gave testimony in his own defense regarding his post-assaultive conduct, defendant objected during the charge conference to a modification of the depraved indifference charge. The charge, as modified, allowed the jury to, inter alia, consider "the defendant's later inaction as a factor when considering the brutal, prolonged and ultimately fatal course of conduct," and defendant objected on the ground that such proof was outside the scope of the bill of particulars. We therefore modify the judgment by reversing that part convicting defendant of murder in the second degree, and we grant him a new trial on count one of the [*2]indictment (see People v Grega, 72 NY2d 489, 493, 498-500 [1988]; People v Barber, 155 AD3d 1543, 1544-1545 [4th Dept 2017]). Defendant did not preserve his related contention that the evidence is legally insufficient to support the murder conviction under the limited theory of depraved indifference alleged in the bill of particulars, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Hursh, 191 AD3d 1453, 1454 [4th Dept 2021], lv denied 37 NY3d 957 [2021]).
Defendant failed to preserve for our review his further contention that the criminal obstruction of breathing or blood circulation count of the indictment was rendered duplicitous by evidence adduced at trial (see People v Allen, 24 NY3d 441, 449-450 [2014]; Hursh, 191 AD3d at 1454), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We reject defendant's related contention that he was denied effective assistance of counsel based on defense counsel's failure to object or move to dismiss the subject count of the indictment as duplicitous. "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's failure to [make such a motion]" (People v Rivera, 71 NY2d 705, 709 [1988]). Here, we conclude that " 'defendant failed to meet that burden, and thus defense counsel's purported failure, without more, is insufficient to demonstrate ineffective assistance' " (People v Graves, 136 AD3d 1347, 1350 [4th Dept 2016], lv denied 27 NY3d 1069 [2016]).
We further reject defendant's contention that the court abused its discretion in its Molineux ruling. It is well established that "[e]vidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity" (People v Dorm, 12 NY3d 16, 19 [2009]). Here, we conclude that such evidence was properly admitted inasmuch as it was relevant to defendant's intent, as well as to provide necessary background information, and the court did not abuse its discretion in determining that the probative value thereof outweighed the potential for prejudice (see People v Hall, 182 AD3d 1023, 1024 [4th Dept 2020], lv denied 35 NY3d 1045 [2020]).
Defendant failed to preserve his contention that he was denied a fair trial by certain evidentiary errors (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). With one exception, defendant failed to preserve for our review his further contention that the prosecutor's conduct during cross-examination and opening and closing statements deprived him of a fair trial (see CPL 470.05 [2]). In any event, "[r]eversal on grounds of prosecutorial misconduct is mandated only when the conduct has caused such substantial prejudice to the defendant that he [or she] has been denied due process of law" and, here, we conclude that any improprieties were "not so egregious as to deprive defendant of a fair trial" (People v Lewis, 177 AD3d 1351, 1354 [4th Dept 2019], lv denied 34 NY3d 1130 [2020], reconsideration denied 35 NY3d 971 [2020] [internal quotation marks omitted]).
We reject the contention of defendant that he was denied effective assistance of counsel by defense counsel's failure to object to the alleged evidentiary errors and prosecutorial misconduct. Inasmuch as defendant was not denied a fair trial by any alleged instances of prosecutorial misconduct, defense counsel's failure to object to those comments does not constitute ineffective assistance of counsel (see People v Gaston, 100 AD3d 1463, 1465 [4th Dept 2012]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We have reviewed defendant's remaining contentions and conclude that none warrants further modification or reversal of the judgment.
Finally, defendant's sentence is not unduly harsh or severe.
All concur except Lindley, J., who dissents and votes to modify in accordance with the following memorandum: I respectfully dissent in part. The majority concludes that the conviction of murder in the second degree (Penal Law § 125.25 [4]) must be reversed based on County Court's instructions that allowed the jury to consider a theory of prosecution different from that set forth in the indictment, as limited by the bill of particulars. I agree. As a remedy, [*3]the majority grants defendant a new trial on count one of the indictment, charging murder in the second degree. This is where the majority and I part ways. Instead of granting a new trial, I would dismiss that count of the indictment with prejudice on the ground that the evidence at trial was legally insufficient to establish defendant's guilt under the theory set forth in the bill of particulars. I agree with the majority that defendant's remaining contentions do not warrant further modification or reversal of the judgment.
Where, as here, there is a "variance between the People's trial evidence and the indictment as amplified by the bill of particulars," we must determine whether the evidence was legally sufficient to support the charged theory (see People v Bradley, 154 AD3d 1279, 1281 [4th Dept 2017]). If the evidence is legally insufficient, of course, a retrial would be prohibited by the Double Jeopardy Clauses of the State and Federal Constitutions (see Burks v United States, 437 US 1, 18 [1978]; Matter of Suarez v Byrne, 10 NY3d 523, 532-533 [2008], rearg denied 11 NY3d 753 [2008]; People v King, 181 AD3d 1233, 1233 [4th Dept 2020], lv denied 35 NY3d 1027 [2020]).
Count one of the indictment charged defendant with depraved indifference murder of a person less than 11 years old under Penal Law § 125.25 (4). In his demand for a bill of particulars, defendant requested that the People specify "the substance of defendant's conduct encompassed by the charge" under count one, including the circumstances that "evinced the defendant's depraved indifference to human life." In response, the People stated in their bill of particulars that defendant, "while evincing a depraved indifference to human life, recklessly engaged in conduct including shaking the child, or slamming or throwing the child, who was less than 11 years old so as to impact the child's head on a surface or object causing subarachnoid hemorrhage, subdural hemorrhage and the ultimate death of the child." Notably, the bill of particulars did not allege any post-assault inaction by defendant.
At trial, however, evidence was introduced showing that the victim may not have immediately died as a result of the assault and that defendant left the victim alone in the apartment following the assault instead of seeking medical attention for him. During the charge conference, the prosecutor asked the court to instruct the jury that it could consider defendant's post-assault inaction as evidence of depraved indifference. Over defense counsel's objection, the court granted the prosecutor's request. For the reasons set forth by the majority, the court erred in allowing the People to broaden their theory of depraved indifference at trial.
The question becomes whether the evidence is legally sufficient to establish defendant's guilt under the narrow theory set forth in the bill of particulars, i.e., that the assault alone demonstrated the requisite mens rea. The majority does not address this question because defendant failed to preserve his sufficiency contention for our review. We have held, however, that "preservation is not required" for a sufficiency of the evidence contention in a change of theory context (People v Duell, 124 AD3d 1225, 1226 [4th Dept 2015], lv denied 26 NY3d 967 [2015]; see Bradley, 154 AD3d at 1280).
That is so because, "[w]here the charge against a defendant is limited either by a bill of particulars or the indictment itself, the defendant has a 'fundamental and nonwaivable' right to be tried only on the crimes charged" (People v Hong Wu, 81 AD3d 849, 849 [2d Dept 2011], lv denied 17 NY3d 796 [2011] [emphasis added]; see generally People v Grega, 72 NY2d 489, 495-496 [1988]), and the trial court is therefore " 'obliged to hold the prosecution to this narrower theory alone' " (Duell, 124 AD3d at 1227, quoting People v Barnes, 50 NY2d 375, 379 n 3 [1980]).
In any event, I note that no useful purpose would be served by applying the preservation requirement in this case inasmuch as, for the reasons set forth below, there was nothing the court or the People could have done to cure the deficiency in the proof identified by defendant on appeal.
With respect to the merits, defendant, relying on People v Barboni (21 NY3d 393 [2013]), contends that evidence of his assault upon the victim alone is insufficient to establish the existence of circumstances evincing a depraved indifference to human life, one of the mens reas required for the commission of depraved indifference murder of a child. I agree. As the Court of Appeals explained in Barboni, to establish that element of the crime, "the People must show that, [*4]at the time the crime occurred, defendant had a mens rea of 'utter disregard for the value of human life' " (id. at 400, quoting People v Suarez, 6 NY3d 202, 214 [2005]; see People v Feingold, 7 NY3d 288, 296 [2006]). "Put simply, the People must prove that defendant did not care whether his victim lived or died" (Barboni, 21 NY3d at 400).
The defendant in Barboni "inflicted injuries on a 15-month-old child by striking or shaking the child so brutally as to cause four distinct skull fractures" (id. at 401). At trial, the People called an ocular pathologist who testified that, based on his postmortem examination of the child, there was a two-hour gap between the assault and the child's death. Another expert called by the People opined that the extensive bruising would have been recognizable within a half hour of the assault, and that the child "would have been in a substantial amount of pain and probably crying, screaming, or else 'lethargic' " (id. at 399). The defendant nevertheless did not seek medical assistance for the child during that two-hour period when the child was struggling to survive.
On appeal, the defendant argued that evidence that he assaulted the child was legally insufficient to establish that he acted with the requisite wanton indifference. The Court of Appeals did not disagree. The Court stated, however, that "the charge of depraved indifference murder here is comprised of more than the physical assault on the child; it also encompasses defendant's inaction for the two hours that elapsed between the injuries and death" (id. at 402). The Court added that, "[i]n light of the child's vulnerability and utter dependence on a caregiver, defendant's post-assault failure to treat the child or report his obvious injuries must be considered in assessing whether depraved indifference was shown" (id.).
Here, in contrast, due to the narrow theory relied upon by the People in their bill of particulars, we cannot consider evidence of defendant's alleged post-assault inaction in reviewing the sufficiency of the evidence. The People are therefore left with evidence of the assault itself, which cannot alone establish the requisite mens rea for depraved indifference murder of a child unless it occurred "over a prolonged or extended period of time," showing that defendant "had the opportunity to regret his actions and display caring, but failed to take the opportunity" (id. at 403).
Although the medical testimony and records establish that the victim suffered multiple injuries at the hands of defendant, there is no evidence establishing whether those injuries were inflicted rapidly in succession or, instead, whether they were inflicted over an extended period of time. It therefore follows that the evidence is legally insufficient to establish that defendant committed depraved indifference murder of a child under the theory set forth in the People's bill of particulars. I would thus modify the judgment by reversing that part convicting defendant of murder in the second degree and dismissing count one of the indictment, and otherwise affirm.
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court