People v Reid (2023 NY Slip Op 04036)

People v Reid

2023 NY Slip Op 04036

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

469 KA 20-00080

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAHHAILE R. REID, ALSO KNOWN AS RAEQUAN, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered July 31, 2019. The judgment convicted defendant, upon a jury verdict, of failure to register and/or verify status as a sex offender. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the indictment is dismissed, and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant, a level one sex offender, appeals from a judgment convicting him, upon a jury verdict, of failure to register and/or verify his status as a sex offender by failing to personally appear for an updated photograph (Correction Law §§ 168-f [2] [b-3], [c-1]; 168-t). The gravamen of defendant's contention on appeal is that the evidence at trial is legally insufficient to support the conviction because it varied from the theory contained in the indictment, which alleged in relevant part that defendant, on or about December 10, 2018, failed to personally appear at the law enforcement agency having jurisdiction within 20 days of the third anniversary of his initial registration and every three years thereafter during the period of registration for the purpose of providing a current photograph of himself. We agree with defendant.
In light of the contention advanced by defendant here, "[o]ur analysis begins with the State constitutional provision that '[n]o person shall be held to answer for a capital or otherwise infamous crime . . . unless on indictment of a grand jury' " (People v Grega, 72 NY2d 489, 495 [1988], quoting NY Const, art I, § 6; see also CPL 210.05). "The Constitution further provides that an accused 'shall be informed of the nature and cause of the accusation' " (Grega, 72 NY2d at 495, quoting NY Const, art I, § 6; see also CPL 200.50). "An indictment serves three important purposes" (Grega, 72 NY2d at 495). " 'First and foremost, an indictment . . . provid[es] the defendant with fair notice of the accusations against [the defendant], so that [the defendant] will be able to prepare a defense' " (id.). "Second, the indictment prevents the prosecutor from usurping the powers of the Grand Jury by ensuring that the crime for which [the] defendant is tried is the same crime for which [the defendant] was indicted, 'rather than some alternative seized upon by the prosecution in light of subsequently discovered evidence' " (id. at 495-496). "Finally, an indictment prevents later retrials for the same offense in contravention of the constitutional prohibition against double jeopardy" (id. at 496).
"Proof at trial that varies from the indictment potentially compromises two of the functions of the indictment—notice to the accused and the exclusive power of the Grand Jury to determine the charges" (id.). "Where [the] defendant's right to fair notice of the charges or [the] right to have those charges preferred by the Grand Jury rather than by the prosecutor at trial has been violated, reversal is required" (id.). Critically, " '[w]here there is a variance between the [*2]proof and the indictment, and where the proof is directed exclusively to a new theory rather than the theory charged in the indictment, the proof is deemed insufficient to support the conviction' " (People v Duell, 124 AD3d 1225, 1227 [4th Dept 2015], lv denied 26 NY3d 967 [2015]; see People v Bradley, 154 AD3d 1279, 1279-1281 [4th Dept 2017]; People v Smith, 161 AD2d 1160, 1161 [4th Dept 1990], lv denied 76 NY2d 865 [1990]).
With respect to the subject offense charged in the indictment here, the statute provides in relevant part that, "[i]f the sex offender has been given a level one or level two designation, he or she shall personally appear at the law enforcement agency having jurisdiction within [20] days of the third anniversary of the sex offender's initial registration and every three years thereafter during the period of registration for the purpose of providing a current photograph of such offender" (Correction Law § 168-f [2] [b-3]). The statute further provides that if the sex offender to whom proper notice had been mailed "fails to personally appear at the law enforcement agency having jurisdiction . . . within [20] days of the anniversary of the sex offender's initial registration, or an alternate later date scheduled by the law enforcement agency having jurisdiction, he or she shall be in violation of this section" (§ 168-f [2] [c-1]). For criminal enforcement of a violation, another part of the statute authorizes a felony charge if the sex offender "fails to register or verify in the manner and within the time periods provided for in this article" (§ 168-t).
Preliminarily, we note that defendant preserved for our review his contention that the conviction is not supported by legally sufficient evidence on the ground that the evidence presented at trial varied from the theory alleged in the indictment (see Bradley, 154 AD3d at 1280; cf. People v Davis, 15 AD3d 920, 921 [4th Dept 2005], lv denied 4 NY3d 885 [2005], reconsideration denied 5 NY3d 787 [2005]; see generally People v Faison, 198 AD3d 1263, 1264 [4th Dept 2021]). On the merits, defendant contends on appeal that "[t]he proof at trial showed that the occurrence date alleged, December 10, 2018, does not correspond, even approximately, to any time period in which [he] was obligated to appear" for an updated photograph. We agree.
The evidence presented at trial established that defendant initially registered as a sex offender on July 13, 2004, which meant that he was obligated to appear in the summer every three years thereafter to update his photograph and that the most recent appearance window prior to his arrest and indictment was between June 23 and August 2, 2016. The evidence further established that defendant failed to appear during the 2016 appearance window, and that an officer from the police department having jurisdiction thereafter sought to remind defendant that he was required to update his photograph. There was no evidence, however, that law enforcement ever scheduled "an alternate later date" by which defendant could appear for an updated photograph (Correction Law § 168-f [2] [c-1]). Thus, as defendant correctly contends, any punishable violation of the statute was complete on August 2, 2016, at which point defendant had failed to appear "within the time periods provided" (§ 168-t), i.e., within 20 days of defendant's triennial registration anniversary (see § 168-f [2] [b-3]), thereby completing the actus reus of the crime (see generally People v Couser, 28 NY3d 368, 376 n 3 [2016]).
Consequently, although the evidence is legally sufficient to establish that defendant violated the statute by failing to personally appear at the subject police station within 20 days of the 2016 triennial anniversary of his initial registration, i.e., between June 23 and August 2, 2016, the indictment did not allege that defendant's failure to appear occurred during that specified time period and instead charged that the failure to appear occurred 2½ years later on or about December 10, 2018 (see People v Morgan, 111 AD3d 1254, 1258 [4th Dept 2013]). Inasmuch as there was a variance between the People's trial evidence and the indictment, and the evidence was insufficient to support the theory that defendant failed to appear within 20 days of any triennial registration anniversary in December 2018, defendant was essentially tried and convicted on a charge for which he had not been indicted (see Bradley, 154 AD3d at 1281; see also Morgan, 111 AD3d at 1257-1258).
To address the discrepancy, the People argued below and reiterate on appeal, and County Court agreed, that defendant was both indicted and tried for a continuing offense, i.e., the indictment charged and the proof established that defendant continued to violate the statute up through December 10, 2018. We agree with defendant, however, that the People's position is factually and legally unsustainable.
As defendant correctly contends, the indictment does not contain language alleging that he failed to appear within 20 days of his triennial anniversary or at any point thereafter up through December 10, 2018. Instead, the criminal omission specified in the indictment is defendant's alleged failure to personally appear at the law enforcement agency having jurisdiction within 20 days of his triennial registration anniversary, and the date upon which that failure allegedly occurred was on or about December 10, 2018. We agree with defendant that, without additional language that is absent from the indictment, the only coherent reading of the indictment is that defendant committed a discrete statutory violation when the relevant appearance window closed on or about December 10, 2018 (cf. People v Rodriguez, 88 AD3d 600, 601 [1st Dept 2011]; People v Chiles, 70 AD3d 1453, 1453 [4th Dept 2010]).
Inasmuch as the indictment charges a discrete statutory violation in December 2018, we further agree with defendant that the court erred in allowing the People to proceed on a theory that the violation actually occurred in August 2016 and thereafter continued to occur up through December 2018. " 'It is well settled that except where time is a material ingredient of the crime the prosecution is not confined in its evidence to the precise date laid in the indictment, but may prove that the offense was committed at any time prior to the commencement of the prosecution and such proof does not constitute a material variance' " (People v Cunningham, 48 NY2d 938, 940 [1979]). Here, however, the date is a material element of the crime inasmuch as the offense is defined as the failure to appear "within the time periods provided in this article" (Correction Law § 168-t) and, specifically, within 20 days of the sex offender's triennial registration anniversary (§ 168-f [2] [b-3]) or an alternate later date scheduled by law enforcement (§ 168-f [2] [c-1]; cf. People v Erle, 83 AD3d 1442, 1444 [4th Dept 2011], lv denied 17 NY3d 794 [2011]). Moreover, the 2½-year variance here is not minor or inconsequential (see People v Bigda, 184 AD2d 993, 994 [4th Dept 1992]; see also Morgan, 111 AD3d at 1257-1258). Indeed, by allowing the People to proceed on a theory that defendant's failure occurred on an ongoing basis up through December 2018, the court permitted the People to undercut defendant's defense that he was unaware of his photograph update obligation by arguing that defendant became aware of that obligation at some later point during the extended period.
In an attempt to salvage the conviction, the People invite us to determine that a violation of Correction Law § 168-f (2) (b-3) constitutes a continuing crime as a matter of law. We decline that invitation. Where, as here, "the language of [a] statute does not unambiguously express a legislative determination that the crime should be considered a continuing one," the statute should be afforded the interpretation that "best protects the rights of a person charged with an offense" (People v Landy, 125 AD2d 703, 704 [2d Dept 1986], lv denied 69 NY2d 882 [1987] [internal quotation marks omitted]; see generally Toussie v United States, 397 US 112, 115 [1970]). The text of the statute imposes criminal liability when a sex offender fails to register or verify "within the time periods provided for in this article" (§ 168-t), including by failing to personally appear to provide an updated photograph within 20 days of the sex offender's triennial registration anniversary or an alternate date (see § 168-f [2] [b-3], [c-1]). In other words, the crime at issue here "becomes a completed crime" (Landy, 125 AD2d at 704) when the sex offender fails to appear for an updated photograph within 20 days of the sex offender's triennial registration anniversary (see § 168-f [2] [b-3]) or an alternate later date scheduled by law enforcement (see § 168-f [2] [c-1]). Additionally, we agree with defendant that, inasmuch as the legislature provided a means of charging a failure to make an overdue appearance—i.e., where the sex offender fails to appear within 20 days of a scheduled alternate date—it would be incongruent to read section 168-f (2) (b-3) as creating a continuing crime that includes the failure to make an overdue appearance. We thus reject the People's assertion that the conviction may be sustained on that basis.
Based on the foregoing, we conclude that the evidence is legally insufficient to sustain defendant's conviction, and thus the judgment should be reversed and the indictment should be dismissed (see Bradley, 154 AD3d at 1280-1281).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court