People v Iqbal (2025 NY Slip Op 01746)

People v Iqbal

2025 NY Slip Op 01746

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

217 KA 18-01283

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PERVEZ IQBAL, ALSO KNOWN AS IQBAL PERVEZ, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered April 6, 2018. The judgment convicted defendant upon a jury verdict of assault in the third degree and strangulation in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, a new trial is granted on count 2 of the indictment, and count 1 of the indictment is dismissed without prejudice to the People to re-present any appropriate charge with respect to such dismissed count to another grand jury.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the third degree (Penal Law § 120.00 [1]) and strangulation in the second degree (§ 121.12). Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable (see Danielson, 9 NY3d at 348), giving "[g]reat deference . . . to the fact[ ]finder's resolution of credibility issues," we conclude that the jury was justified in finding defendant guilty beyond a reasonable doubt (People v Wertman, 114 AD3d 1279, 1280 [4th Dept 2014], lv denied 23 NY3d 969 [2014] [internal quotation marks omitted]; see People v Ruiz, 159 AD3d 1375, 1375 [4th Dept 2018]).
Defendant also contends that he was denied a fair trial as a result of several improper comments made by the prosecutor during summation. Although defendant did not object to all of the prosecutor's allegedly improper remarks and thus failed to preserve his contention for our review with respect to those remarks, we exercise our power to review his contention with respect to all of the prosecutor's allegedly improper remarks as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We note one remark in particular, where the prosecutor stated, "[t]his is America, and we do have the American judicial system. And you cannot do this in America. You cannot strangle people, you cannot threaten to slit their throat, you cannot light them on fire." In the context of this case and the context in which the remark was made, we conclude that the remark was an improper attempt at stereotyping defendant, the alleged victim, and the underlying circumstances of the case. Although improper, we nevertheless conclude that reversal on that ground is unwarranted because the comments "[did] not substantially prejudice[ ] . . . defendant's trial" (People v Barber, 155 AD3d 1543, 1547 [4th Dept 2017] [internal quotation marks omitted]).
We agree with defendant, however, that County Court erred in admitting in evidence testimony from a police officer who responded to the scene regarding his observations of other, unnamed complainants in prior, unspecified cases. The officer was permitted to testify that he [*2]had taken photographs "once or twice" of complainants who had "alleged strangulations," and that he could not recall having observed bruises on those other complainants. The officer's testimony was used by the People in order to explain that the lack of marks on the neck of the victim in the present case did not mean that defendant did not strangle her. Indeed, during closing argument the People invited the jury to "recall the testimony of [the officer], that he did not observe any signs of bruising on [the victim's] neck. You'll also recall that he has been to other strangulations and investigated those, and he didn't find any injuries there either." We conclude that the officer's testimony regarding prior, unrelated cases is entirely irrelevant to the instant case, and that it was error to admit that "irrelevant and highly prejudicial testimony" (People v Frederick, 53 AD3d 1088, 1088-1089 [4th Dept 2008]). We further conclude that the error is not harmless. The jury in this case acquitted defendant on other charges regarding other alleged acts committed on the same day as the alleged strangulation, and the evidence in this case relied primarily on witness credibility. In such a case, we cannot say either that "the proof of guilt was overwhelming" or that "there was no significant probability that the jury would have acquitted had the error not occurred" (People v Grant, 7 NY3d 421, 424 [2006]). We therefore reverse the judgment and grant a new trial on count 2 of the indictment. Inasmuch as defendant was convicted of assault in the third degree as a lesser included offense under count 1 of the indictment, we dismiss that count without prejudice to the People to re-present any appropriate charge with respect thereto to another grand jury (see People v Tillmon, 197 AD3d 956, 958 [4th Dept 2021], lv dismissed 37 NY3d 1148 [2021]).
In light of our determination, we do not address defendant's remaining contentions.
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court