People v Thanthima

2026 NY Slip Op 02503

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

BOUNLEAUNG THANTHIMA, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

84 KA 25-01023

Present: Lindley, J.P., Curran, Ogden, Greenwood, And Hannah, JJ.

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Onondaga County Court (Theodore H. Limpert, J.), rendered May 14, 2024. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child and endangering the welfare of a child.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law former § 130.96) and endangering the welfare of a child (§ 260.10 [1]). Defendant contends that reversal is required because at trial the People introduced evidence of two acts of oral sexual conduct that the grand jury did not consider, which created the possibility that he was convicted of a crime upon a different theory from the one charged in the indictment. Defendant's contention is not preserved for our review (see generally People v Hursh, 191 AD3d 1453, 1454 [4th Dept 2021], lv denied 37 NY3d 957 [2021]), and is without merit in any event. The indictment, as limited by the bill of particulars, charged defendant with committing predatory sexual assault against a child by engaging in two or more acts of sexual conduct, including at least one act of oral sexual conduct. Thus, "[t]he language in the indictment and bill of particulars was . . . broad enough to encompass all the [oral] sexual [conduct] as testified to by the victim" (People v Hymes, 174 AD3d 1295, 1297 [4th Dept 2019], affd 34 NY3d 1178 [2020]; see People v Myers, 194 AD3d 1426, 1427 [4th Dept 2021], lv denied 37 NY3d 967 [2021]; People v Colsrud, 144 AD3d 1639, 1640 [4th Dept 2016], lv denied 29 NY3d 1030 [2017]), and there was no possibility that defendant was convicted of a crime based on an uncharged theory.

Defendant next contends that he was deprived of a fair trial based on alleged prosecutorial misconduct and ineffective assistance of counsel. Defendant failed to preserve for our review his contention with respect to the alleged instances of prosecutorial misconduct (see CPL 470.05 [2]; People v Smith, 224 AD3d 1221, 1222 [4th Dept 2024], lv denied 41 NY3d 985 [2024]; People v Crumpler, 163 AD3d 1457, 1460 [4th Dept 2018], lv denied 32 NY3d 1003 [2018], reconsideration denied 32 NY3d 1125 [2018]). In any event, his contention is without merit. The prosecutor's remarks in the opening statement and during summation were primarily fair response to defense counsel's summation and fair comment on the evidence (see Smith, 224 AD3d at 1222; Crumpler, 163 AD3d at 1460). We agree with defendant that it was improper for the prosecutor to ask an investigator whether he believed that defendant was being truthful with him during his interview with the investigator (see People v Pabon, 28 NY3d 147, 157 [2016]), but we conclude that it did not deprive defendant of a fair trial. The investigator's testimony was cumulative inasmuch as the jury also listened to the recording of defendant's interview with the investigators, during which the investigators repeatedly expressed their disbelief in defendant's statements (see generally Crumpler, 163 AD3d at 1458-1459). We have considered the remaining instances of alleged prosecutorial misconduct and conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Bubis, 204 [*2]AD3d 1492, 1495 [4th Dept 2022], lv denied 38 NY3d 1149 [2022] [internal quotation marks omitted]).

With respect to defendant's contention that defense counsel was ineffective, it was proper for the prosecutor to elicit testimony and comment on all the instances of oral sexual conduct, and therefore defense counsels' failure to object to that testimony does not constitute ineffective assistance of counsel (see generally People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Defense counsels' cross-examination of the investigator and comments about the victim were matters of strategy and insufficient to establish ineffective assistance (see People v Flores, 84 NY2d 184, 187 [1994]). We have examined defendant's remaining allegations of ineffective assistance and conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality, and as of the time of the representation, reveal that the attorney[s] provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court